CITY OF WARWICK *vs.* WALTER J. CAMPBELL *et al.*

AUGUST 10, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This bill in equity was brought by the complainant to enjoin the respondents from parking or storing certain commercial vehicles on two lots of land located in the city of Warwick in this state. After a hearing in the superior court the trial justice denied and dismissed the bill in respect to one lot and enjoined two of the respondents from parking or storing more than four such vehicles on the other lot. From the entry of a decree to that effect the complainant has duly prosecuted its appeal.

The issue before us has been narrowed. It appears that the respondents Walter J. Campbell and his wife are the owners of realty in the city of Warwick upon which there is a dwelling house and other improvements. The land is described as lot No. 49 on tax assessors' plat No. 320, which they purchased by deed dated May 18, 1945. The zoning ordinance of the city of Warwick, under which the lot was placed in a residence B district, was adopted June 21, 1945. After acquiring such lot the respondents at once began to store and park thereon certain commercial vehicles having a capacity of more than two tons, and also vans,

trailers, semitrailers and similar vehicles, thus creating a use existing prior to and at the time of the adoption of the zoning ordinance. Under section XIII of that ordinance such practice became a valid nonconforming use and is so admitted by complainant. At the hearing in the superior court and in argument here the city agreed that in the circumstances it has no case so far as the use of lot 49 is concerned, and that paragraphs first and third of the decree appealed from are correct.

The complainant, however, attacks the second paragraph of the decree which reads as follows: "That Lot No. 47 on Assessors Plat No. 320 of the plats on file in the office of the Board of Assessors in said City of Warwick may be used for the parking and storing of not more than four motor vehicles and commercial vehicles, vans, trailers, semi-trailers or similar vehicles designed to be propelled by a separate means of locomotion, and vehicles designed to be used for moving said vans, trailers or semi-trailers, and the restraining order heretofore entered is hereby vacated and dissolved, *provided, however,* that the respondents Ruth Campbell and Delmar P. Campbell are hereby enjoined from parking or storing more than four of the vehicles herein described on said Lot No. 47 on Assessors Plat No. 320 of the plats on file in the office of the Board of Assessors in said City of Warwick."

It is complainant's contention that under the provisions of the zoning ordinance as originally passed and as applied to the facts herein the respondents Ruth Campbell and Delmar P. Campbell are not entitled to store or park any commercial vehicles on lot 47 on assessors' plat 320 of the city of Warwick. It appears that Ruth Campbell is the wife of Delmar P. Campbell; that the latter is the son of respondent Walter J. Campbell, who is the owner of lot 49; that Ruth Campbell purchased lot 47 by deed dated October 20, 1949 for the express and only purpose of storing and parking commercial vehicles thereon; and that since

buying the lot she has continuously so used it for vehicles having a capacity of more than two tons. Under the zoning ordinance lot 47 was situated in a residence B district and respondent Ruth Campbell testified that she knew that fact when she purchased the lot in 1949. However, she contends that at such time there was no provision in the zoning ordinance expressly prohibiting the storing and parking of commercial vehicles in such a residence district.

In November 1952 the zoning ordinance was amended by adding a subsection providing an accessory use which allowed the parking or storing of motor vehicles in a certain manner in such district, but particularly prohibited the parking or storing of commercial vehicles having a capacity of more than two tons or having three or more axles, and also vans, trailers and semitrailers, or similar vehicles. It further appears that lot 47 has a street frontage of 45 feet, a depth of 112 feet, and adjoins lot 49. The zoning ordinance requires that in a residence B district a lot to be used for the location of a single-family dwelling must have a minimum street frontage of 70 feet and an area of at least 7,000 square feet.

Section VI of the zoning ordinance of the city of Warwick reads in part as follows:

"In a Residence B District the following regulations shall apply:

(A) Residence B District Uses:
A building may be erected, altered or used, and a lot or premises may be used for any of the following purposes and *for no other*: (italics ours)

1. A use permitted in a Residence AA or Residence A District.
2. A double cottage.
3. Commercial Nurseries and Greenhouses.
4. Raising of Crops.
5. Hospital or Sanatarium, other than for the care of the insane or feeble minded, and other than for liquor or drug addicts.

(B) Accessory Uses:
In a Residence B District a use accessory to an authorized use shall be permitted subject to the provisions of sub-section (A) of Section X."

Section X above referred to contains the following pertinent language:

"(A) Accessory Uses in Residential Districts:
In a Residential District Accessory Uses shall be permitted as follows:
\* \* \*

6. A detached garage for the storage only of motor vehicles as an accessory use to the principal building shall be permitted subject to the following limitations:
a. Capacity of Garage:
\* \* \*

ii. In an A, B, or C Residence District a detached garage having a capacity for two cars shall be permitted. In the case of a double cottage, a detached garage having a capacity for two cars shall be permitted for each family.
\* \* \*

7. As an accessory use to any authorized use: Any other use clearly accessory to such authorized use, provided that no use enumerated as a permitted use in a less restricted district, except those specifically provided for in this sub-section, shall be permitted as an accessory use."

Also section XIX of the ordinance defines certain words contained therein as follows:

"2. A building is any structure other than a boundary wall or fence less than six feet in height."

"12. A lot is a parcel of land occupied or designed to be occupied by one principal building or use and the accessory buildings or uses customarily incident to it, including such yards, courts, and other spaces as are arranged, in-

tended, or designed to be used in connection with such building or use. * * * "

"23. An accessory building or use is a building or use customarily incidental and accessory to the principal building or use and located on the same lot with such building or use."

Upon consideration of the zoning ordinance as it existed on October 20, 1949 when respondent Ruth Campbell purchased lot 47 it is clear that, because of its size and location in a residence B district, lot 47 could validly be used only for commercial nurseries and greenhouses and the raising of crops unless the owner thereof could obtain from the zoning board of review a variance or exception for some other use. While the ordinance did not state in terms that the lot could not be used for storing or parking commercial vehicles it did provide that a lot in such a residence district could be used, for *no other purpose* than the valid uses specified therein. Further it seems clear that the ordinance under consideration is of the permissive type. In 8 McQuillin Municipal Corporations (3d ed.) §25.124, p. 204, it is stated: "Zoning ordinances may be permissive in form, permitting specified uses and buildings and prohibiting all others within a district, or they may be prohibitive in form, prohibiting specified uses and buildings and permitting all others." See also *Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339, 344.

In addition, an examination of the zoning ordinance herein in respect to uses accessory to the primary or authorized use of a lot, in our judgment shows that such an accessory use in a residential district is one customarily incidental and accessory to the *principal building or use* and located on the same lot therewith. See Bassett on Zoning, p. 100. *People* v. *Scrafano,* 307 Mich. 655. In the present case it is not shown that there is any principal building on or valid use of lot 47 to which an accessory use could be attached. Moreover, respondent Ruth Campbell was not using that lot for the purpose of carrying on any of the commercial

uses permitted in such residence district under the zoning ordinance. Further she testified in substance that the only reason she bought the lot was to park trucks thereon. In other words, that was intended to be the primary use of the lot and not merely a use accessory to a recognized, permitted use.

In the circumstances, therefore, we are of the opinion that the storage and parking of commercial vehicles on lot 47 was neither a valid permissive primary use nor a valid accessory use in a residence B district under the provisions of the Warwick zoning ordinance on October 20, 1949 when respondent Ruth Campbell acquired said lot.

The parties, however, have called to our attention an amendment to that ordinance, adopted in November 1952, relating to section X (A) 6 by the addition of paragraph c. That amendment reads as follows:

"c. As an accessory use to the principal building where there is no garage or the capacity of the garage is less than that allowed for the particular district, motor vehicles may be parked or stored to a number equivalent to the capacity or additional capacity for which a garage is permitted. Provided, however, that no commercial vehicles having a capacity of more than two (2) tons or having three or more axles shall be stored, parked or garaged in a residential district, and Further Provided, that the parking, storage or garaging of vans, trailers, or semi-trailers or similar vehicles designed to be propelled by a separate means of locomotion, or vehicles designed to be used for moving said vans, trailers or semi-trailers, and all self propelled machinery shall be prohibited in residential areas."

Since we are not resting this decision on the provisions of the amendment, we deem it unnecessary to pass upon certain questions which respondents raise in connection with its meaning and scope and the power of the city of Warwick, under the enabling act, to pass an ordinance regulating and restricting the size or type of commercial

vehicles which can be parked or stored in a residence B district. However, in passing we note respondents' arguments that under the amendment by inference the storing and parking of commercial vehicles is permitted in a residence B district, and that the city was estopped from bringing this suit.

We do not agree with such a broad construction of the amendment. It clearly relates to the granting of an accessory use to the principal building on the lot involved when there is no garage or the capacity thereof is less than that allowed for the particular district. As we have already pointed out, no such facts appear in the instant case. The parking and storing here was not intended as and is not in fact accessory to any principal building on or valid existing use of lot 47. The first portion of the amendment therefore is not applicable and is of no aid to respondents. As to the other argument, the fact that the instant bill was not filed until February 1953, although respondent Ruth Campbell has been using lot 47 in the manner described since October 1949, does not prevent the bringing of this suit.

For the reasons stated it is our opinion that it was error for the trial justice to permit the respondents to store or park any commercial vehicles on lot 47 in the present circumstances, and the decree appealed from should be modified by striking therefrom the second paragraph and by substituting therefor a paragraph enjoining respondents from storing or parking any of such vehicles on lot 47, without prejudice, however, to any of their rights to store or park such vehicles on said lot as may be in accordance with a proper accessory use to any valid present or future use of such lot.

The complainant's appeal is sustained in part, the decree appealed from is modified as above stated, and the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Ralph T. Lewis, Jr.,* Ass't City Solicitor of Warwick, for complainant.

*A. Norman LaSalle, John L. McElroy,* for respondents.