251 A.2d 524 (1969)
Elizabeth J. ASHBURN
v.
ZONING BOARD OF REVIEW OF The CITY OF PAWTUCKET.
No. 498-M. P.
Supreme Court of Rhode Island.
March 26, 1969.
James Cardono, Paul A. Tucker, Pawtucket, for petitioner.
Victor J. Beretta, City Solicitor, Gerald J. Pouliot, Asst City Sol, Pawtucket, for respondent.

OPINION
KELLEHER, Justice.
This is a petition for certiorari which seeks to quash a decision of the respondent board denying the petitioner's application to erect a billboard on the roof of a garage located in an area designated by the Pawtucket zoning ordinance as an industrial district. We issued the writ and pursuant thereto the board has certified to us the relevant records.
The petitioner's lot bounds on U.S. Interstate Route 95. This land has been the subject of prior litigation before this court. In Standish-Johnson Co. v. Zoning Board of Review, 103 R.I. 487, 238 A.2d 754, petitioner and her lessee sought permission to build a billboard on what was then vacant land. The respondent board denied the application. On appeal, we ruled that the board misconceived certain provisions of the ordinance and afforded petitioner and her lessee an opportunity to return to the board and renew their application.
After our opinion was published, petitioner apparently abandoned any plans to build the proposed sign. Instead she built a garage which is presently rented to a tenant who repairs and reconditions automobiles *525 at this location. The tenant pays petitioner a monthly rental of $100. The record shows that the net annual profit from the garage amounts to $900. In the instant application, petitioner plans to install on her garage roof a sign 35 feet long and 10 feet high which would face the freeway. She would lease the space on the sign to various and sundry advertisers who might wish to make the passing public aware of the merits of their products.
The petitioner in her brief uses a shotgun approach in the hope that one pellet might somehow hit the target. She claims that she is entitled to a variance or an exception or a deviation under the Viti doctrine. In oral argument, however, she concentrated her fire on the proposition that, in actuality, the proposed sign is an accessory use to which she is entitled as a matter of right under the provisions of sec. 7.1 of the ordinance.
The Pawtucket ordinance defines an accessory use as one which is "* * * located on the same lot as, and clearly incidental and subordinate to, a main or principal structure of use." This definition is substantially the same as we afforded to the term "accessory use" in City of Warwick v. Campbell, 82 R.I. 300, 107 A.2d 334.
It is obvious that petitioner's proposed billboard which shall be used for general advertising purposes is not "clearly incidental and subordinate to" the principal use to which her property is being devoted. It is a well-known fact, particularly to a motorist during the period preceding a general election, that general outdoor advertising is a business endeavor of tremendous proportions in and of itself. The petitioner's contemplated use of her garage roof has no relationship whatever to the occupancy of the building on the subject premises. Since the proposed use does not fall within the definition of the term "accessory use," petitioner's contention in this regard is not well taken. The same proposition as urged by petitioner was considered and rejected by the Pennsylvania Supreme Court in Landau Advertising Co. v. Zoning Board of Adjustment, 387 Pa. 552, 128 A.2d 559.
As noted before, the petitioner has pressed several other points in this appeal which, upon consideration, we believe to be utterly devoid of any merit and a discussion of which will and nothing to the present state of the law of zoning.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records are ordered returned to the respondent board with our decision endorsed thereon.