Fun Bun, Inc. *v.* Zoning Board of Adjustment.

Argued February 8, 1972, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald H. Beifeld,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for appellant, City of Philadelphia.

*John D. Egnal,* with him *Michael H. Egnal, Egnal and Egnal, P. A.,* and *Fineman & Fineman,* for appellee.

*C. George Milner,* with him *Perrin C. Hamilton,* and *Hamilton, Darmopray, Malloy & Milner,* for St. Vladimir's Ukrainian Orthodox Church.

OPINION BY JUDGE MENCER, May 26, 1972:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County reversing the decision of the Zoning Board of Adjustment of Philadelphia (appellant) which affirmed the refusal of the Department of Licenses and Inspection to issue a permit to appellee, Fun Bun, Inc. (Fun Bun), to use the premises 6744 North Fifth Street, Philadelphia, as a parking lot to serve as an adjunct to the contiguous property, 6742 North Fifth Street, upon which is located a Fun Bun restaurant. The court below having

taken no additional testimony, our duty is to determine whether the Board abused its discretion or committed an error of law.

The subject premises is located on the west side of Fifth Street, 100 feet north of its intersection with Independence Street. The property's frontage on Fifth Street is 76 feet and the lot's depth is 150 feet. The property is zoned R-4 Residential and presently is occupied by a large, abandoned house. The adjacent lot, 6742 North Fifth Street, which is zoned C-2 Commercial, is a corner lot with a 100-foot frontage on Fifth Street and 150-foot frontage on Independence Street.*

Fun Bun argues that, under the Philadelphia Zoning Code, it has an absolute right to use the subject premises as an *accessory* parking lot to its restaurant and that there is no need for it to obtain a variance. Appellant and the intervenors contend that since Fun Bun's application was for the entire area of 6744 North Fifth Street to be used as a parking lot, this proposed use was a *main* or *principal* use and a variance was therefore necessary.

The subject property being zoned R-4 Residential, only specific main or principal uses are permitted under Code §14-205(1), none of which is a parking lot. Also, under Code §14-1402(8) no residential property may have a parking lot as its main or principal use.

Is, however, Fun Bun's proposed parking lot an "accessory use" to its restaurant on the adjoining lot? "Accessory Use" is defined by the Code, §14-102(2), as follows: "A use, including all necessary public utility facilities, subordinate to the main use *on the lot* and customarily incidental to the main use, excluding

---

* In recently deciding that the rezoning of 6742 North Fifth Street from R-4 Residential to C-2 Commercial was not illegal "spot zoning", we described in detail the general area of the subject premises. *St. Vladimir's Ukrainian Orthodox Church v. Fun Bun, Inc.*, 3 Pa. Commonwealth Ct. 394, 283 A. 2d 308 (1971).

signs." (Emphasis added.) Fun Bun's argument that its proposed parking lot is such a use hinges on the theory that lots 6742 and 6744 are a single lot (although the two adjoining properties were not purchased nor the zoning permits sought simultaneously). However, by the word "accessory" the Code means accessorial to a *permitted* use in the district, not as Fun Bun would argue, accessorial to a *prohibited* use in the district. Nor does it mean accessorial to a permitted use *in another district.* "The establishment of a parking lot to serve a commercial enterprise located outside a residential district . . . clearly is not a permitted accessory use where the lot is separate from that occupied by the main building." 1 R. Anderson, *American Law of Zoning* §8.26 (1968); *see, e.g., Commonwealth v. Cieslak,* 179 Pa. Superior Ct. 441, 115 A. 2d 418 (1955); *McGlone Appeal,* 58 Del. Co. Rep. 455, 51 D. & C. 2d 131 (1970); *Rockledge Borough v. Yetter,* 78 Montg. Co. L. Rep. 163, 25 D. & C. 2d 392 (1961), and cases cited therein; *Philadelphia Dressed Beef Co. v. Zoning Board of Adjustment,* 13 D. & C. 2d 546 (1957); *see also Adley v. Paier,* 148 Conn. 84, 167 A. 2d 449 (1961) ("If . . . such parking could be an accessory use . . . it could only be so if it was on the same lot as the principal use. . . . Parking on the lot could not legally constitute an accessory use to the property next door."); *Application of Emmett S. Hickman Co.,* 49 Del. 13, 108 A. 2d 667 (1954) ("It seems clear that a parking lot could not be established in a residential district as accessory solely to property in a business district in the absence of facts justifying a variance."); *People v. Franshir Realty Co.,* 4 App. Div. 2d 685, 163 N.Y.S. 2d 692 (1957) (memorandum opinion) ("Nor can such property be maintained as an accessory use because it is not incident to any principal residential use or building and is not located on the same lot therewith."); *City*

*of Warwick v. Campbell,* 82 R.I. 300, 107 A. 2d 334 (1954) ("[I]n respect to uses accessory to the primary or authorized use of a lot . . . such an accessory use in a residential district is one customarily incidental and accessory to the *principal building or use* and located on the same lot therewith." (Emphasis in original.)). Furthermore, a use which is sought as a principal use cannot be justified under the accessory use provisions of a zoning ordinance. *Hasley's Appeal,* 151 Pa. Superior Ct. 192, 30 A. 2d 187 (1943).

We note also that a consolidation of the two properties would result in a split-zoned lot, partially commercial and partially residential. Where two adjacent lots are split-zoned commercial and residential, and the owner proposes a single commercial use, the appropriate procedure is to request a variance to use the residential parcel for commercial purposes. "Where . . . a variance to permit property in a residence district to be used for parking as an adjunct to business use in the adjacent business district [is at issue] . . . [t]he extent of inconvenience or hardship enuring to the commercially zoned property through lack of a parking lot is irrelevant; the variance is improperly granted if the residentially zoned property can reasonably be used for the purposes to which the ordinance restricts it. . . ." 3 A. Rathkopf, *The Law of Zoning and Planning* §75-9 (1960). The Board thus refused a variance because at no time did Fun Bun present the requisite evidence which both the Code (§14-1802) and the case law require in order to secure a variance. *See Henry Jacobs v. Philadelphia Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 197, 273 A. 2d 746 (1971).

Finally, since Code §14-205(1) does not permit a restaurant as a principal use in a R-4 Residential district, it also prohibits any use accessorial to a restaurant. Therefore, Fun Bun, under the single-lot theory

444

would still have to obtain a variance for the use of the lot at 6744 North Fifth Street as a parking lot.

Order reversed.