Red Cheek, Inc. *v.* Supervisors of the Township of Ruscombmanor. Red Cheek, Inc., Appellant.
Red Cheek, Inc. *v.* Supervisors of Richmond Township. Red Cheek, Inc., Appellant.

Argued September 14, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Robert J. Johnson,* with him *Butz, Hudders & Tallman,* for appellant.

*Paul T. Essig,* with him *Balmer, Mogel, Speidel & Roland,* for appellee, Supervisors of Township of Ruscombmanor.

*Donald F. Spang,* with him *R. Joseph Merkel,* and, of counsel, *Merkel, Spang & Weidner,* for appellee, Supervisors of Richmond Township.

OPINION BY JUDGE ROGERS, October 12, 1976:

The appellant, Red Cheek, Inc., is an industrial enterprise organized as a cooperative which produces what are doubtless healthful, tasty and altogether delightful apple juice and apple and peach slices at a facility in the Borough of Fleetwood, Berks County. Red Cheek's raw products of course are nature's gift of apples and peaches. Unfortunately, after the useable parts of the fruit are extracted and processed for Red Cheek's products, there remains an unwanted residue. By contract with the Borough of Fleetwood, which we understand from a passing reference in the record has still eight years to run, Red Cheek has been treating its fruit waste in a primary treatment system located on its property in Fleetwood and the effluent from that system has flowed into the Borough's activated sludge plant and other sewage facilities. It is conceded that Red Cheek's pretreatment facility and the Borough's activated sludge plant do not remove waste from the ultimate discharge in a manner which complies with recent environmental legislation and regulation of the Department of Environmental Resources of the Commonwealth.

Red Cheek, Inc. consulted engineers who have proposed that the fruit wastes, after passing through the Red Cheek's existing primary treatment system, should be disposed of by being pumped to the lagoons where the bacteria would break down the remaining apple and peach juices and leave a clear effluent which would be sprayed on open fields. This plan and system has received the endorsement of Environmental Resources. Unfortunately, however, the 26 acre site proposed for this operation which Red Cheek has under agreement to purchase is not located in the Borough of Fleetwood but rather in the Townships of Richmond and Ruscombmanor, and moreover in residentially zoned districts of those townships. The

17 acres located in the Township of Richmond is in an R-2 district of that township's zoning ordinance in which only dwellings, public parks and playgrounds, schools, churches, public buildings, fire stations and uses accessory to the above are permitted by special exception. The 9 acres located in Ruscombmanor Township are in the R-2A district where only dwellings and a variety of other uses, more industrial, are permitted.

Red Cheek sought from the Supervisors of both townships a curative amendment[1] which would permit its fruit waste disposal system to be carried on in the zoning districts which the land it had under agreement was located. The Supervisors of both districts after hearing declined its request and Red Cheek appealed both decisions. The Court of Common Pleas of Berks County, by opinion and orders of Judge WESNER, dismissed Red Cheek's appeals. We consolidated the appeals and affirm both orders.

Red Cheek's arguments are somewhat difficult to follow. It begs the conclusion by contending that its treatment plant proposed to be established in residential districts of Richmond and Ruscombmanor Townships is a primary use of a land rather than a use accessory to its business of producing apple juice and fruit slices. It then says that because neither ordinance contains an explicit provision for the use of any land in either township for the purpose of disposing of waste in the manner proposed that the townships bore the burden of showing what public interest was sought to be protected by the municipality-wide prohibition. *See Beaver Gasoline Company v. Osbore Borough*, 445 Pa. 571, 285 A.2d 501 (1971).

---

[1] Pursuant to Section 609.1 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10609.1.

Judge WESNER did not accept Red Cheek's contention that the waste disposal system was a primary use of the land in the townships but rather concluded, after reviewing the facts, that Red Cheek's proposal was accessory to the principal use of its lands in the Borough of Fleetwood for the production of its apple juice and apple and peach slices. Since the ordinances of both Richmond and Ruscombmanor Townships provide for fruit processing operations with accessory uses in zones other than those sought to be used by Red Cheek, it was apparent to Judge WESNER and is apparent to us that there was no total exclusion of the proposed use as an ascessory use by either township. In the I-Industrial zone of Richmond Township "General industrial uses . . . which include the . . . manufacture . . . of products from raw materials," are permitted by Section 407.1(c), and accessory uses for the same are permitted by Section 407.2. Section 201.4 of Richmond's ordinance defines an accessory use as one "customarily incidental and subordinate to and located on the same lot occupied by the principal use to which it relates," and certainly therefore includes an on-site sewage disposal plant.

Ruscombmanor's ordinance by Section 802(12)(b) permits food processing and packing in its LI-1 Limited Industrial District provided that "public water and public sanitary sewage facilities" are furnished. Section 104.35 defines a public water and public sewage system as either a municipal or privately owned sewage system.

Having concluded that the use proposed is accessory, we must decide that it follows that such use may not be carried on in a zoning district where the principal use to which it is accessory is prohibited. *Fun Bun, Inc. v. Zoning Board of Adjustment*, 5 Pa. Commonwealth Ct. 439, 291 A.2d 344 (1972).

535

Clearly, both townships permit in their industrial districts everything Red Cheek now does in Fleetwood and everything that it is proposing to do in residential districts in Richmond and Ruscombmanor Townships. Therefore, Red Cheek bore the heavy burden of proving that the township ordinances were unconstitutional, which, of course, it did not carry.

As we have previously noted, Red Cheek argues here that its lagoons, pumps and sprays proposed to be placed in residential districts of the appellee townships are somehow a separate and primary use of those lands. As we have already noted, we agree with Judge WESNER that this argument is wholly without merit. The waste is proposed to be pumped directly by pipes from Red Cheek's Fleetwood plant into the land in the adjacent townships. It is not only physically, it is also obviously conceptionally, a part of Red Cheek's most useful enterprise.

Indeed a strong argument could be made that the waste disposal plant was in fact an integral part of Red Cheek's industrial enterprise which it is seeking to expand into neighboring townships contrary to municipalities' zoning regulations. A factory's sophisticated and expensive antipollution devices now required by law could as readily be considered integral parts of the enterprise's principal operations as merely accessory uses of its land.

We will therefore affirm.

ORDER

AND Now, this 12th day of October, 1976, the Orders of the Court of Common Pleas of Berks County by WESNER, J., dated February 17, 1976, be and the same hereby are affirmed.