Robert J. Champaine and Royalwood, Inc. *v.*
Zoning Hearing Board of East Bradford
Township. East Bradford Township, Appellant.

Argued April 7, 1977, before Judges Crumlish,
Jr., Mencer and Rogers, sitting as a panel of three.

*Ross A. Unruh,* with him *MacElree, Harvey, Gallagher & Kean, Ltd.,* for appellant.

*John Spangler,* with him *Lawrence E. Wood,* and *Wood, Parke & Barnes,* for appellee.

OPINION BY JUDGE MENCER, June 15, 1977:

The narrow question raised in this zoning appeal is whether the regular and substantial sale of tack, saddlery, and horse trailers is customarily incidental to the operation of a horse farm. Because the evidence of record does not establish such customary incidence, we reverse the court below.

The appellees, Robert J. Champaine and Royalwood, Inc., operate a horse farm in a residential district of East Bradford Township, Chester County, which also permits agricultural uses. Their operation entails the buying, selling, boarding, and training of horses. It also encompasses the sale of horse equipment. The entire operation has grown steadily since appellees purchased their property in 1966. Presently, appellees are among the largest horse dealers in the area and are the largest Hartman horse-trailer dealer in the world. In 1973, for example, they sold 72 trailers at an average price of $1800. The income from the trailer sales represents about 15 percent of appellees' total income. Another 10 percent is generated by the sale of tack and saddlery. The remainder of appellees' income is derived from the sale and rental of horses, a use which they maintain is agricultural.

On December 10, 1973, the township zoning officer issued a cease-and-desist order which directed appellees to discontinue their horse-equipment sales be-

cause the sales did not constitute an agricultural use or a customary agricultural-accessory use. A timely appeal was taken to the Zoning Hearing Board of East Bradford Township (Board).

The Board held several hearings on the general question of whether the equipment sales were proper. In its decision of March 28, 1974, the Board concluded that the sales were not accessory to an agricultural use. The Board also expressed the broader concern that such sales might seriously jeopardize the preservation of the R-1 Residential District in which appellees' property is located. Accordingly, the Board affirmed the order of the township zoning officer, and an appeal was taken to the Court of Common Pleas of Chester County.[1]

The lower court reviewed the extensive record developed before the Board and, without taking additional testimony, determined that appellees' equipment sales were an accessory use to the operation of a horse farm. It therefore reversed the Board. The case is presently before this Court on the township's appeal.

Where, as here, the court below took no additional evidence, our duty is to determine whether the Board abused its discretion or committed an error of law. *Fun Bun, Inc. v. Zoning Board of Adjustment*, 5 Pa. Commonwealth Ct. 439, 291 A.2d 344 (1972). We hold that it did neither.

---

[1] The case was remanded by the Court of Common Pleas to the Board for the taking of additional testimony. The Board interpreted the court's order as requiring a determination of two issues: whether the equipment sales embodied a nonconforming use and, if so, whether the appellees were entitled to a special exception to expand it. The Board, by decision of January 7, 1975, determined that a nonconforming use was not present, and it reaffirmed the cease-and-desist order.

It is sufficient to note here that the record as a whole amply supports the Board's findings regarding nonconformance.

To qualify as an accessory use under either the East Bradford Township Zoning Ordinance of 1955 or the ordinance of 1970, appellees' regular and substantial sale of tack, saddlery, and horse trailers must be shown to be customarily incidental to the operation of their horse farm. In the past, proof of customary incidence has entailed a showing that a significant percentage of like principal uses in the area have accessory uses of the nature and extent in question. For example, in *Gross v. Zoning Board of Adjustment*, 424 Pa. 603, 227 A.2d 824 (1967), a restaurant was determined to be customarily incidental to the operation of a bowling alley because the record established that a very substantial percentage of bowling alleys in the area had restaurant facilities of the same nature and extent as that proposed by the applicant. Evidence that 118 local service stations also rented car trailers was determined to be insufficient to establish customary incidence in *Bennett v. Zoning Board of Adjustment*, 396 Pa. 57, 151 A.2d 439 (1959). Speaking for the Court, Mr. Justice MUSMANNO noted that the proffered evidence did not show that the other leasing operations were of the same extent or volume as Bennett's, that the 118 service stations were representative of the estimated 5,000 area gasoline stations, nor that the other operations were in conformance with local zoning regulations. Applying this reasoning to the instant case, appellees could have demonstrated customary incidence by establishing that a significant percentage of horse farms in the East Bradford area have horse equipment sales operations of the nature and extent involved herein.

To demonstrate customary incidence, appellees introduced into evidence advertisements by horse dealers which referred both to the sale of horses and to the sale of horse equipment. Testimony regarding limited

sales by one or two township landowners was also offered, as was the opinion testimony of Champaine that 50 percent of horse equipment is sold by people who sell horses. However, this evidence does not indicate that a significant percentage of horse farms in the East Bradford area have horse-equipment sales operations of the nature and extent of appellees'. Nor has the conformity of other sales with local zoning regulations been established. To the contrary, the record discloses that one of the two township landowners who was identified as selling trailers was ordered to desist from such sales, an order to which he acceded.

Appellees assert that horse-equipment sales are a natural extension of their horse-farm use. While this may be true, it does not of itself satisfy the requirements of the zoning ordinances. Surely no one would argue that an East Bradford area farmer could regularly sell substantial numbers of trucks or manure spreaders if such sales were not customarily incidental to his farming use. As Mr. Justice MUSMANNO said in *Bennett, supra,* "[i]t is not enough that the trailer business have an affinity to the gasoline selling business or that it be 'subordinate to the main use.' It must also be 'customarily incidental' to the main use." 396 Pa. at 63, 151 A.2d at 441. *See also Suhy v. Zoning Board of Adjustment,* 402 Pa. 657, 169 A.2d 62 (1961).

We therefore hold that the Board neither committed an error of law nor abused its discretion when it concluded that appellees' sales of tack, saddlery, and horse trailers were not accessory to an agricultural use.

Order reversed.

ORDER

AND NOW, this 15th day of June, 1977, the order of the Court of Common Pleas of Chester County, dated

April 27, 1976, reversing the decision of the Zoning Hearing Board of East Bradford Township, is hereby reversed.