St. Luke Evangelical Lutheran Church *v.* The Zoning Hearing Board of Easttown Township and Easttown Township. Easttown Township, Appellant.

160

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*John S. Halsted,* with him *Kevin Holleran,* and *Gawthrop & Greenwood,* for appellant.

*Richard T. Abell,* with him *John P. Knox,* and *Timoney, Knox, Hasson & Weand,* for appellee.

*William H. Lamb,* with him *Lamb, Windle & Mc-Erlane,* for amicus curiae, Easttown Citizens Group.

OPINION BY JUDGE WILKINSON, JR., May 31, 1979:

St. Luke Evangelical Lutheran Church (appellee) is the owner of two contiguous tracts of land, comprising a total of seven acres, bisected by the boundary line of Tredyffrin and Easttown Townships in Chester County. Approximately five acres of appellee's land is located on the Tredyffrin side where appellee maintains its house of worship and an administration building. A large residential dwelling,

originally constructed in the colonial era and popularly known as "Conestoga Corners," is located on the two-acre tract in Easttown Township. Appellee has used the residence as a meeting place for various church-related and church-sponsored activities since 1969 when the property was purchased from a former pastor. Appellee now proposes to use the property as a group home for boys.

Following the denial of a use permit by the Easttown Township zoning officer, appellee sought a permit or a special exception from the Zoning Hearing Board of Easttown Township (Board). Briefly, appellee contended that the use of "Conestoga Corners" as a group home was permitted in an R 1 district in which the property was located as a "single family dwelling" within the meaning of the Easttown Zoning Ordinance, or alternatively that the group home should be permitted as an accessory use to the main church property located in Tredyffrin Township.

At the hearing before the Board, held on May 13, 1976, the lay president of the congregation testified appellee's proposal resulted from the desire of the church's governing body to utilize the building as part of its "community-oriented, social outreach" program. He testified the church planned to lease the property to Kimber-Vu Group Homes, Inc. (Kimber-Vu), a non-profit organization which would operate the home, staff it with house parents and counsellors and obtain funding from state and federal agencies. A member of the congregation and a representative of neighbors in the area would serve on the board of directors of the organization. The executive director of Kimber-Vu testified that approximately eight boys, aged 12 to 15, would live at the home for optimum periods of one year. The youths would be chosen by the Chester County Juvenile Probation Office as "status offenders" whose conduct did not warrant institutionalization.

The Board held that the proposed group home was not permitted in an R 1 district as a single family dwelling, as a religious use or as an accessory thereto. On appeal, the Court of Common Pleas of Chester County, without taking additional testimony, concluded appellee's proposed use of the property constituted a valid accessory to a religious use and accordingly reversed the Board and directed the necessary permit be issued. The court declined to consider whether the group home would fall within the ordinance's definition of "single family detached dwelling."[1]

The parties and an amicus brief submitted by neighboring landowners of the property at issue have raised a number of substantial issues on review to this Court. However, we deem it unnecessary to consider these questions in detail since we are of the opinion that the record in this case, in particular the relevant portions of the Easttown Township Zoning Ordinance requires that this case be remanded for a consideration of appellee's application by the proper Easttown Township authorities, i.e., the Easttown Township Planning Commission and the Board of Supervisors.

---

[1] Although a determination of this issue is not relevant to the resolution of this case, it would appear from a reading of all of the relevant provisions of the ordinance that the definition of "single family detached dwelling" permissible in an R 1 district as a "building, on a lot, designed and occupied exclusively as a residence for one family" precludes the use of a dwelling as a group home where compensation is received for the support of members of the living unit. Cf. the definition of "Boarding House," Section 103 of the ordinance, a use excluded from R 1 districts under the ordinance. Thus, we believe the Board correctly determined the group home did not fall within the ordinance's definition of "single family detached dwelling." See also Pennsylvania George Junior Republic v. Zoning Hearing Board, 37 Pa. Commonwealth Ct. 151, 389 A.2d 261 (1978).

We reach this conclusion for the following reasons. First, we are of the view that the law of zoning in Pennsylvania, as codified in the Pennsylvania Municipalities Planning Code (Code),[2] does not admit of any legal authority for the proposition that an accessory use in one municipality, incidental to a principal use in a second municipality, must be permitted in the municipality where the accessory use is located. *Cf. Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A.2d 851 (1958). Rather the Code, with the exception of certain amendments[3] not relevant here, and the cases recognize a certain territorial integrity of zoning ordinances consistent with municipal law generally. *See, e.g., Bilbar Construction Co., supra; Red Cheek, Inc. v. Supervisors of the Township of Ruscombmanor,* 26 Pa. Commonwealth Ct. 530, 364 A.2d 542 (1976). Consequently, we cannot approve of the common pleas court's resolution of this difficult problem. Rather, we believe the proper resolution must be found in the relevant zoning ordinance of the municipality in which the use is proposed. Accordingly, we believe the Easttown Township Zoning Ordinance governs the facts of this case.

As has been noted previously, appellee has been using "Conestoga Corners," nominally referred to throughout as a residential dwelling, for church-oriented uses since 1969. Although there is great debate, in the briefs and the cases cited therein, as to the meaning of "religious" and "church" uses as provided for in zoning ordinances, the record is clear that all but for a period of six months, immediately after purchase in 1969 when "Conestoga Corners" was

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 *et seq.*

[3] *See* Article XI-A of the Code, added by the Act of October 5, 1978, P.L. 1067.

used by a parishioner while his house was being completed, the church at all times has used the property in conjunction with its religious activities.[4] Article IV of the Easttown Township Zoning Ordinance governing permitted uses in an R 1 district provides that a "religious use" may be permitted when authorized as a conditional use under Article XII. Article XII in turn requires, *inter alia,* that conditional uses be submitted through the Easttown Township Planning Commission and approved by the Board of Supervisors. It is uncontradicted that appellee never sought a conditional use from the Easttown Township Board of Supervisors to use "Conestoga Corners" as a religious use. The proper procedure for a final determination of appellee's application therefore must rest with the Board of Supervisors of Easttown Township.

Accordingly, we will enter the following

ORDER

AND Now, May 31, 1979, the order of the Court of Common Pleas of Chester County at No. 280 July Term, 1976, dated December 31, 1977, is hereby reversed and the case remanded with directions that the application of St. Luke Evangelical Lutheran Church be remanded to the Board of Supervisors of Easttown

---

[4] Appellant argues that the use proposed here by appellee cannot in any case be considered a "religious use" relying on *Russian Orthodox Church Appeal,* 397 Pa. 126, 152 A.2d 489 (1959). In that case the Supreme Court upheld a determination by the zoning board of adjustment that a cemetery was not a religious use within the intendment of the zoning ordinance based on the rationale that the mere ownership of land by a religious body could not convert an otherwise secular use to a religious use. That case is clearly inapposite here since the zoning board of adjustment, the proper body in that case under the ordinance, is an administrative body whose powers are limited to interpreting the ordinance while the board of supervisors, the proper body here, is a legislative body.

Township for consideration as an application for a conditional religious use pursuant to the provisions of the Easttown Township Zoning Ordinance.