## Brown v. Salisbury Township

*Martin J. Karess*, for appellant.
*Emil W. Kantra, III*, for appellee.

MELLENBERG, *J.*, November 4, 1982—Appellant, Richard E. Brown, filed an application with Salisbury Township for a permit to erect a disc-shaped television receiver on his property located at 2705 Andrea Drive, Salisbury Township, Lehigh County, Pa. The receiver is a TVRO satellite bowl which receives television signals directly from a satellite orbiting the earth. The permit was denied by the Township Zoning Officer. Appellant filed an appeal with the Township Zoning Hearing Board before which hearing was held September 1, 1981. The board denied the permit. A written opinion of the board's decision was sent to appellant who then appealed to this court. Counsel for appellant filed a motion to present additional evidence, which was granted. The case was remanded to the Salisbury Township Zoning Hearing Board. The board held a second hearing on December 1, 1981, after which the board again denied appellant a permit. A "Supplemental Opinion of the Board" was issued

December 22, 1981. The case is now before this court for a decision on the merits. Since this court heard no testimony on this matter, its review is limited to determining whether the Zoning Hearing Board abused its discretion or committed an error of law: Gustin v. Zoning Board of Sayre Borough, 55 Pa. Commonwealth Ct. 410, 423 A. 2d 1085 (1980).

Appellant proposes to erect a disc-shaped receiver on a platform 15 to 16 feet above ground level which means the uppermost portion of the disc would be 20 to 21 feet above ground level. The disc will measure approximately 12 feet in diameter. The receiver will enable appellant to receive approximately 240 television channels; some of which emanate from foreign countries.

Appellant's property is located in an R-3 Zone under the Salisbury Township Zoning Ordinance requiring the principal use as residential. For appellant to be entitled to the permit, he must show that the receiver is a permissible accessory use. Section 404.2 of the Ordinance states:

Permitted Accessory Use—Located in the same lot with the Permitted Principal Use

(d) Other customary accessory uses and buildings, provided such are clearly incidental to the principal use and do not include any activity commonly conducted as a business.

An accessory use is defined in 201.4 of the Ordinance as follows:

A use customarily incidental to and subordinate to the principal use to which a property is put, and conducted in the same building or on the same lot where the principal use is conducted.

Appellant asserts that his receiver is a permitted accessory use for a residential lot. In support of his

contention he cites Appeal of Lord, 368 Pa. 121, 81 A. 2d 533 (1951). In that case the court allowed a 32-foot high mast and radio antenna as a permissible use. The court noted that the appellant previously had a "similar but much smaller antenna" in his back yard for years without objection, and that ordinary television and radio antennas had "become a part of the home of countless Americans in every economic strata of life." Id. at 128, 81 A. 2d at 536. The court stated:

Does the fact that this mast (and antenna) are considerably larger than the usual mast (and antenna ) take it out of the permitted and customary uses? We believe to so hold would place an unnecessary and unwarranted block in the road of progress and in the legitimate enjoyment of private property. Id. at 128, 81 A. 2d at 536-37.

As the supplemental opinion of the Zoning Board correctly distinguishes the Lord case from the instant case, the appellant's proposed receiver differs from a conventional television antenna not only in size, but also in shape, configuration and operation.

In Champaine v. Zoning Hearing Board of East Bradford Township, 30 Pa. Commonwealth Ct. 544, 374 A. 2d 752 (1977), the court held that horse equipment sales did not constitute an accessory use to the operation of a horse farm. Language from that opinion is pertinent to the case at bar:

To qualify as an accessory use under either the East Bradford Township Zoning Ordinance of 1955 or the Ordinance of 1970, appellees regular and substantial sale of tack, saddlery, and horse trailers must be shown to be customarily incidental to the operation of their horse farm. *In the past, proof of customary incidence has entailed a showing that a significant percentage of like principal uses in*

*the area have accessory uses of the nature and extent in question.* (Emphasis added.) Id. at 547, 374 A. 2d at 753-54.

Appellant has not proven customary incidence under this test but admits that there are only two other similar receivers in operation in the area; one in Easton, Pa., and the other in Clearfield, Pa. The court takes judicial notice of the fact that both are at least 20 miles and more distant from the site in question. This number does not represent a significant percentage of primary uses (residential) with similar accessory uses to comply with the test imposed. In Bennett v. Zoning Board of Adjustment, 396 Pa. 57, 151 A. 2d 439 (1959), 118 out of the estimated 5,000 local service stations rented car trailers. The court held that this was not a significant percentage and refused to allow the appellant to continue to rent trailers. In the case at bar only *three out of an infinite number* of residential lots have the satellite receiver.

Appellant argues that his receiver is in essence nothing more than a television antenna and that a huge percentage of other residential lots have television antennas. Although the court may agree that the disc is in the nature of an antenna, the test enumerated in Champaine, supra, however, requires the accessory uses to be similar in both *nature* and *extent*. The receiver is significantly different from a conventional television antenna in terms of extent. It is of a different shape and much larger size than an ordinary antenna. Consequently, the court can find no error of law nor abuse of discretion committed by the Salisbury Township Zoning Hearing Board when it denied Mr. Brown a permit to erect the receiver and therefore the decision of the Salisbury Township Zoning Hearing Board is affirmed.

## ORDER

Now, November 4, 1982, after argument and for the reasons stated in the accompanying opinion, it is ordered that the decision of the Salisbury Township Zoning Hearing Board in the above captioned matter be and the same is hereby affirmed.