## Appeal of Desmond

*Ronald M. Lucas,* for appellant.
*David E. Wagenseller* and *William C. Crosswell,* for appellees.

STENGEL, *J.,* July 8, 1991—The compelling legal issue presented by this zoning appeal is whether one township's designation of the character of a road is binding on the neighboring township's consideration of a request for a special exception. The appellant, George C. Desmond, is a developer who owns a tract of land which lies in both Pequea Township and West Lampeter Township. Roughly 10 percent of the area of the tract, or 3.5 acres, lies in West Lampeter Township; the remainder of the

tract, 31.4 acres, lies within Pequea Township. Appellant wishes to build an apartment complex containing 225 apartment dwellings on the property and applied for a special exception to the Pequea Township Zoning Hearing Board.

## BACKGROUND

### Procedural History

A hearing was held on the application before the board on January 8, 1990. On February 5, 1990, the board denied Desmond's application on the grounds that the property was not adjacent to a major or minor collector road as required by section 1907.3 of the Pequea Township Zoning Ordinance. Desmond filed a timely appeal from this decision on March 6, 1990, docketed to no. 910-1990.

Desmond then filed a second application for an identical exception on May 1, 1990. The board held a hearing on the second application on June 4, 1990 and again denied the application by a decision dated July 31, 1990. Desmond filed a timely appeal from the board's second decision on August 30, 1990, docketed to no. 3657-1990.

Pursuant to a stipulation among the parties, these appeals have been consolidated. Briefs were exchanged and oral argument was held on June 12, 1991. No additional evidence was taken by this court.

Appellant filed numerous exceptions to the board's decisions, alleging in excess of 20 errors. However, only two issues were raised by appellant in his brief: (1) whether the second application for an identical special exception is barred by the doctrine of res judicata; and (2) whether the plan, in fact, complies with Pequea Township's requirement that it be adjacent to a collector road.

The court notes that all other issues raised by appellant in his notice of land use appeals and not addressed in his brief are deemed waived pursuant to Lancaster County Local Rule of Civil Procedure no. 35.

## Factual History

The portion of appellant's property within Pequea Township, 31.4 acres, is located in the R-180 Residential Zoning District and contains frontage along Shultz Road and Millwood Road. The additional 3.5 acres of the tract are located along Millwood Road in adjacent West Lampeter Township.

Both the first application and the second application requested a special exception under section 701(5) of the Zoning Ordinance in order to use the property for a 225-unit apartment complex. Access to this development is proposed from Shultz Road, which is a local road, and not from Millwood Road.

All of the apartment buildings will be located in that portion of Pequea Township which is zoned R-180. The R-180 Residential District authorized apartments as a use by special exception, subject to section 1907 of the Zoning Ordinance. Section 1907 contains three requirements for apartments in the R-180 District.

In the decision rendered on the first application, the board found that Desmond had met all the specific requirements except that set forth in section 1907(3), which requires that the apartment complex be adjacent to a collector road.[1]

---

1. Section 1907 of the ordinance provides in pertinent part: "Apartment dwellings in R-180 and R-150 Residential Districts may be allowed as a special exception by the board provided the following standards are adhered to:

"(1) The general standards in section 1903 are met;

The board found that neither Shultz Road nor Millwood Road is a major or minor collector road for purposes of this application.[2] Therefore, the board concluded that the proposed project was not adjacent to a major or minor collector road and denied the special exception on that basis.

Not to be denied, appellant filed a second application for a special exception. In the second request, appellant noted that West Lampeter Township had officially designated Millwood Road as a "collector road" and argued this as the basis for Pequea Township to find that Millwood Road is a "collector road." In addition to repeating its earlier arguments, Pequea Township raised the issue of res judicata in response to the second application.

There seems to be general agreement that the second application was the same as the first application in all material respects. The only "new" evidence presented by Desmond at the second hearing was that West Lampeter Township adopted by resolution on April 17, 1990 a transportation study as part of its comprehensive plan. This study designated the relevant portion of Millwood Road as a minor collector road. However, Desmond also presented as an exhibit a letter from Benjamin B. Groff, West Lampeter Township secretary, dated June 1,

---

"(2) All dwelling units are connected to a public water or sanitary sewerage system; and

"(3) The parcel of land containing the apartment dwelling must be adjacent to a major or minor collector road."

2. The board did not rule that Millwood Road could not be considered a collector road. Indeed, under the Pequea Township Zoning Ordinance, Millwood Road is considered to be a collector road in one portion of the township but a local road, i.e., less trafficked than a collector road, in that portion of Millwood Road which runs adjacent to the subject property. The portion of Shultz Road which runs adjacent to the subject property is not listed as a collector road under the Pequea Township Zoning Ordinance.

1990, which states in part: "To the best of my knowledge, since March 1962, as depicted on the Township's Road Map and in accordance with their 1959 Subdivision Ordinance, Millwood Road has been considered to be used as a collector road."

The second decision of the board found that appellant had met all of the requirements for a special exception, save for the fact that the property was still not in compliance with section 1907(3) in that it was not adjacent to a collector road. The board also addressed West Lampeter Township's official designation of Millwood Road as a collector road:

"The board believes that the additional testimony adduced at the second hearing is not sufficiently different from information produced at the first hearing to justify any different decision. Since the 'new' evidence is merely a reconfirmation of something that existed at the time of the January 8, hearing, res judicata applies to this case. The application is subject to denial on this basis alone."

The second application was denied for failure of appellant to comply with the requirement of section 1907(3), that the property be adjacent to a major or minor collector road.

## DISCUSSION

We will examine two issues in this zoning appeal: (1) whether the board erred in its finding that the subject property did not lie adjacent to a "collector road"; and (2) whether res judicata should have applied to bar the second application.

## The Collector Road Requirement

Essentially, appellant wants us to rule that Pequea Township must accept West Lampeter Township's characterization of Millwood Road. Appellant's position is clear: The subject property *does* lie adjacent to a collector road. Appellant places little weight on the fact that the designation of Millwood Road as a "collector road" is made by West Lampeter Township, not by Pequea Township. Desmond notes that Pequea Township's Zoning Ordinance requires that the property be adjacent to a minor or major collector road. The ordinance does not specifically require that the collector road be "in the township." In short, appellant argues that the ordinance does not require proximity to a Pequea Township collector road and that any collector road will suffice. The township's position is that Millwood Road is designated as a local access road, not as a collector road.[3] Pequea Township argues that its own designation of Millwood Road should control.

It is clear that the pertinent portion of Millwood Road is not considered a "collector road" under the Pequea Township Zoning Ordinance. It is equally clear that the tract of land in question does lie adjacent to a collector road, except that the collector road lies in West Lampeter Township and is defined as a collector road by West Lampeter Township, as opposed to Pequea Township.

---

3. The status of Millwood Road for all zoning purposes within the township, including the requirements of section 1907(3), is established by Article XV of the Pequea Township Zoning Ordinance. Article XV's provisions classify all roads in the township. The relevant portion of Millwood Road north of Long Lane is not identified in sections 1502 or 1503 as either a major or a minor collector road. Therefore, by operation of section 1504(2), it is a local access road.

Can West Lampeter Township's designation of Millwood Road require Pequea Township to look beyond its own Zoning Ordinance and allow this special exception? We think not. We believe that Pequea Township has the authority, the power and the right to make any lawful designation or classification of roads or streets it chooses to make.

Under Pennsylvania law, the zoning restrictions of one township cannot be permitted to control or impinge upon the zoning regulations which a contiguous municipality may see fit to adopt. *Bilbar Construction Company v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A.2d 851 (1958). See also, *King v. Perkasie Borough Zoning Hearing Board,* 122 Pa. Commw. 510, 552 A.2d 354 (1989). ("The borough's powers stop at the borough's boundary.") The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, no. 247, as amended and re-enacted, 53 Pa.C.S. §10101 et seq., and the cases cited thereunder, recognize a certain "territorial integrity of zoning ordinances consistent with municipal law generally." *St. Luke Evangelical Lutheran Church v. Zoning Hearing Board of Easttown Township,* 43 Pa. Commw. 159, 403 A.2d 128 (1979).

On this basis alone, we believe that the board did not commit a manifest abuse of discretion or an error of law in denying the application for a special exception. The road in question is not a "collector road" as defined by Pequea Township and, therefore, Pequea Township was well within its rights to deny both special exception applications.[4]

The board's decision seems to serve the letter, as well as the spirit, of the Zoning Ordinance. It

4. The substantive issue of whether the land in question was adjacent to a collector road was the same issue in both applications.

appears that the developer does not intend to provide access to the apartment complex from Millwood Road. That is to say, despite the fact that appellant wants Pequea Township to accept West Lampeter Township's designation of Millwood Road as a "collector road," appellant does not intend to use Millwood Road as the collector road for his development. Rather, the intention is for the entrance to the apartment complex to be from Shultz Road. There is no question that Shultz Road is a local access road under the Pequea Township Zoning Ordinance.[5] West Lampeter has no relevant opinion as to the characterization of Shultz Road and there is no evidence or argument advanced that Shultz Road is a collector road.

In sum, although we are being asked to find that the development in question lies adjacent to a collector road, the developer has no intention of "collecting" traffic on a collector road, under anyone's definition. The board's exercise of its discretion seems all the more reasonable in light of these circumstances.

## Res Judicata

Pequea Township argues that the second application should have been denied on the basis of res judicata and that this court should only be considering the board's decision on the first application.

Res judicata is a defense which can be raised in proceedings before a zoning hearing board. *City of Pittsburgh v. Zoning Board of Adjustment of the*

---

5. In fact, the record indicates that Shultz Road had higher traffic counts than Millwood Road. Shultz Road is unquestionably a "local road" and the fact that this "local road" had more traffic than the proposed collector road, i.e., Millwood Road, would seem to raise additional questions to the Zoning Hearing Board.

*City of Pittsburgh,* 522 Pa. 44, 559 A.2d 896 (1989); *Namcorp Inc. v. Zoning Hearing Board of Horsham Township,* 125 Pa. Commw. 496, 558 A.2d 898 (1989). Res judicata applies where the two matters involve identity of (1) the thing sued for, (2) the cause of action, (3) the persons and parties to the action, and (4) the quality of the persons for or against whom the claim is made. It is sparingly used in zoning cases because relief may be requested for the same tract of land if there is a substantial change in circumstances. See *City of Pittsburgh v. Zoning Board of Adjustment, supra.* However, res judicata may be applied to zoning cases if the four elements are satisfied and if there are no substantial changes in circumstances relating to the land itself. See *Namcorp Inc.* at 504, 558 A.2d at 900.

It does appear that the board could have made a determination that the first and second applications were identical and that res judicata should have applied. The fact that the board decided to consider and rule upon the second application is within its discretion and the board's exercise of discretion will not be disturbed on appeal. In light of our ruling on the substantive issue of whether the land in question lies adjacent to a collector road, the res judicata issue is, for all practical purposes, of little consequence to this appeal.

Although it does appear that the developer was requesting two bites of the apple, we do not feel that the board committed error by granting both bites. For our purposes, each bite tasted the same and was of exactly the same fruit. In both instances, we affirm the substantive ruling of the board in denying the request for a special exception.

Accordingly, we enter the following

## ORDER

And now, July 8, 1991, upon consideration of appellant's land use appeals in each case, the briefs filed thereon, and the arguments of counsel, it is hereby ordered that the decisions of the Pequea Township Zoning Hearing Board are affirmed and the appeals from those decisions are denied.