Commonwealth *v.* Cieslak, Appellant.

Argued April 14, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, and WOODSIDE, JJ. (HIRT and ERVIN, JJ., absent).

*John M. Gallagher,* for appellant.

*Alan D. Riester,* with him *Charles H. Bracken,* for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

Defendant was convicted of the violation of a zoning ordinance, a fine was imposed and she has appealed on an agreed statement of facts. She and her husband, who died after his conviction on the same charge, operate a funeral parlor in the Borough of Brentwood. The business is located on lots purchased by them in 1950, with a frontage of 120 feet on Brownsville Road and a frontage of 80 feet on Clermont Avenue, all of which are contiguous to one another. The lots facing Brownsville Road are zoned commercial, but those on Clermont Avenue are zoned residential. In 1951 defendant filled in the Clermont Avenue lots and thereafter used them for parking purposes in conjunction with the funeral business. In 1952 a zoning ordinance was passed requiring a minimum amount of off-street parking for businesses and requiring funeral parlors to provide an area sufficient to accommodate six cars and a hearse. Defendant continued to use the lots zoned residential for parking of cars and hearses. It is this for which she was convicted. No application for a change of zoning or a variance was ever made.

The first contention of defendant in this appeal is that she did not violate the zoning ordinance because the alleged offense was in existence prior to the ordinance. This is a patently insupportable argument because the use of the Clermont Avenue lots for commercial parking was illegal prior to the adoption of the ordinance in 1952. The lots were zoned residential under the previous zoning ordinance of 1929, so that defendant had been violating the law since 1951

when she filled in these lots and began to use them for parking. This therefore has no similarity to a nonconforming use, because the existing use was already illegal and the 1952 ordinance made no change in this respect.

The question is also raised by defendant as to the necessity of utilizing commercially zoned land in providing for the off-street parking and parking space for six cars and a hearse required by the zoning ordinance. The ordinance was not intended to require the impossible, and if there were no commercially zoned land available to defendant for business parking, the ordinance would be unenforceable as to parking requirements, since defendant's funeral business antedated the ordinance. In such event the use of the residentially zoned lots for parking purposes would not be required and would remain illegal. However, in this case there is in fact available land zoned commercial, adjacent to the funeral home, and used by defendant as a lawn rather than for parking. If defendant had wanted to comply with the ordinance parking requirements she should have first attempted to utilize the available land zoned commercial. If this area proved insufficient, she could and should have asked for a variance for the lots zoned residential. There is no excuse for violating the zoning laws in this instance.

Judgment of sentence affirmed.