Camaron Apartments, Inc., Appellant, *v.* Zoning Board of Adjustment of the City of Philadelphia, Appellee.

Argued April 1, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Irvin Stander*, for appellant.

*Barbara S. Gilbert*, Assistant City Solicitor, with her *John Mattioni*, Deputy City Solicitor, and *Martin Weinberg*, City Solicitor, for appellee.

Opinion by Judge Blatt, August 12, 1974:

Camaron Apartments, Inc. (appellant) has appealed from the lower court's order denying its application

for a variance, which order had affirmed a denial of the variance by the Zoning Board of Adjustment (Board). When the apartment building concerned was constructed in 1957, the Department of Licenses and Inspection (Department) had issued a building permit for the erection of a *40-unit* dwelling with accessory parking, which at that time was a permitted use under the zoning code. The code was subsequently changed, however, in 1962 so as to prohibit all multifamily dwellings in the area where the building was erected.

For some reason not indicated in the record, the building was actually constructed with 42 units. When an investigation by the Department in 1964 revealed the existence of the 42 units, the owner was informed, and it was then that relief by variance was first sought from the Zoning Board of Adjustment. When a variance was refused, the owner appealed to the lower court, which granted a remand.

Before the remand came up for consideration before the board, the stock of the appellant corporation was acquired by the present owner, who then pursued the request for variance before the Board, and on denial there, before the court below.

Here the lower court took no additional evidence in affirming the Board, and our review is thus limited to a determination of whether or not the zoning board abused its discretion or committed an error of law. *AFSO Builders, Inc. and Frank Aleardi v. The Zoning Hearing Board of the Township of Upper Darby*, 12 Pa. Commonwealth Ct. 100, 314 A. 2d 860 (1974). We find that it did not.

The present owner of the appellant corporation contends that "the rights here are almost similar to the rights of nonconforming rights." Admittedly, however, the two additional apartment units were created with-

out being covered by the permit required and granted under Title 4, Section 3003(1) of the Building Code of 1949 or Title 14, Section 1801(2) and 1801(6) of the Philadelphia Zoning Code of 1933. The 42-unit building failed to meet the legal requirements of the permit which authorized its construction and use. Procedurally and factually, therefore, the claim of a non-conforming use cannot be sustained here, for a non-conforming use is one which does not comply with present zoning provisions but which existed *lawfully* and was created in good faith prior to the enactment of the zoning provision. *cf. Penn Township v. Yecko Bros.*, 420 Pa. 386, 217 A. 2d 171 (1966); *Commonwealth v. Cieslak*, 179 Pa. Superior Ct. 441, 115 A. 2d 418 (1955).

For the first time in this proceeding the appellant has here raised the doctrine of laches. We cannot sustain the application of the doctrine now because it was not raised below and because there is no proof of prejudice to the appellant or of lack of due diligence by the Board. *Marston v. Kline*, 8 Pa. Commonwealth Ct. 143, 301 A. 2d 393. Furthermore, laches is an equitable doctrine which is not assertable in this manner in an action at law. *Commonwealth v. City of Philadelphia*, 5 Pa. Commonwealth Ct. 358, 290 A. 2d 734 (1972).

To obtain a variance here which would permit a multi-family building of any size, the appellant would have had to prove that "there exists unnecessary hardship unique or peculiar to his property and that the variance is not contrary to the public health, safety or general welfare. In addition, the courts have held that a variance should only be granted in exceptional circumstances and the burden of proving its need is a heavy one. The Boulevard Land Corporation v. Zoning Board of Adjustment, 8 Pa. Commonwealth Ct. 584,

303 A. 2d 234 (1973)." *Jack Rees v. Zoning Hearing Board of Indiana Township and Roncevich*, 11 Pa. Commonwealth Ct. 461, 315 A. 2d 317 (1974).

Initially, the appellant has claimed "innocence" in that the present owner of the appellant's corporation unknowingly inherited this zoning problem, but clearly a proper investigation at the time of his acquisition of the corporation would have revealed the then illegal use. In assessing any such alleged hardship, no special consideration can be afforded an applicant who knew or *should have known* of the zoning problem at the time he purchased the property and of the possibility of resultant hardship. *See Hasage v. Philadelphia Zoning Board of Adjustment*, 415 Pa. 31, 202 A. 2d 61 (1964); *Albert Levin v. The Zoning Hearing Board of the Township of Radnor*, 11 Pa. Commonwealth Ct. 452, 314 A. 2d 579 (1974).

On the question of unnecessary hardship, the Board was correct in finding that there is nothing unique in this property which prohibits its use as a 40-unit structure, i.e., the continuance of the only legally nonconforming use. Mere economic hardship cannot justify the granting of a variance except where the zoning regulations render the property practically valueless. *Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board*, 5 Pa. Commonwealth Ct. 594, 290 A. 2d 719 (1972). The necessity for the elimination of two units would certainly not bring this case within that exception.

In its conclusion that the granting of a variance would adversely affect the public health, safety and general welfare, the Board again did not act arbitrarily. Its conclusion was based on the density information supplied by the City Planning Commission and on its clearly justifiable understanding of the general spirit and purpose of the Zoning Ordinance, of the redevelop-

ment plan approved by City Council and of the Comprehensive Plan approved by the City Planning Commission.

We, therefore, affirm the order of the lower court.