## Briggs v. Zoning Hearing Board

*Basil C. Clare,* for appellant.
*Harry F. Dunn, Jr.,* contra.

BLOOM, *J.,* May 23, 1975—The matter presently before this court arises from an appeal taken by

Robert Briggs from a decision rendered by the Zoning Hearing Board of the Township of Bethel, Delaware County, Pa. On August 28, 1974, the zoning board found that appellant was in violation of two sections of the township zoning ordinance which will be set forth at length herein. Appellant filed a timely appeal with this court. No additional testimony was taken by this court and this opinion is written in disposition of the appeal.

Appellant, Robert Briggs, is the owner of a tract of land containing approximately four acres situated in Bethel Township, Delaware County, Pa. The ground has built upon it two masonry buildings. Appellant conducts a weekly furniture auction in one building. The other building is rented out to various merchants who display and sell various merchandise. Outside the buildings, 11 booths or stands are operated by various persons who sell a variety of goods.

Appellant became the owner of the property in 1964 and appellant acquired the subject premises from his father who had purchased the land in 1945. The sale of merchandise outside the buildings began in 1932 and continued up to the present time.

The Township of Bethel adopted a zoning ordinance on or about December 15, 1970, by which the subject premises was zoned residential. The township does not dispute the fact that appellant's land had a prior non-conforming use which had existed for many years. The township further admits that the above zoning ordinance left appellant in the position of having a non-conforming use. In early 1973, appellant petitioned the zoning board to rezone the subject premises to C-1 Commercial. On May 21, 1973, the zoning board

adopted an ordinance by which appellant's land was rezoned C-1 commercial. Neither of the above zoning classifications makes provision for outdoor markets of the type which is conducted on appellant's land.

Some time in June 1974, John L. Myers, Jr., zoning officer of Bethel Township, wrote appellant and advised him that he was in violation of the following provisions of the Bethel Township Zoning Ordinance as adopted May 21, 1973:

"Article VII, Section 704.

"(4.) No permanent storage of merchandise, articles or equipment shall be permitted outside a building and no goods, articles or equipment shall be stored, displayed, or offered for sale beyond the front lines of the building.

"Article XII, Section 1202.

"(6.) Reduction of off-street parking space. Off-street parking or loading space shall not be discontinued or reduced without providing alternate space in compliance with the standards and specifications of this ordinance."

Upon receipt of the above letter, appellant contacted the township supervisors, who advised appellant to file an application for a variance so that appellant could continue to conduct his outdoor market. Appellant filed an application before seeking private legal counsel. A hearing was scheduled on the application for July 17, 1974. Appellant then secured an attorney to represent him at the hearing. On the date of the hearing, appellant withdrew his application for a variance and the zoning board was advised that appellant was contesting the decision of the zoning officer instead. Appellant contended that he was not in violation of

the provisions of the zoning ordinance as set forth above because of the non-conforming use.

No one appeared in support of the zoning officer's decision. To the contrary, a petition signed by ten property owners within 500 feet of the subject premises was presented to the zoning board. Petitioners asked that appellant be permitted to "continue to conduct an out of doors flea market as he has been doing heretofore for many years." In addition, 14 other persons testified as to the cleanliness of the outdoor market and the orderly fashion by which business is conducted on the premises. The market has caused no problems for the township in any manner. Appellant testified at length as to the facilities available on the premises and the many years during which the market was in operation on the premises. Appellant also pointed out to the zoning board that an additional two acres of his land was available for parking by patrons of the market. As a result, appellant stated that he had more parking facilities available rather than less parking as alleged by the zoning officer.

The record is totally devoid of any evidence or testimony which would support a finding that the market was contrary to the public health, safety and welfare of the community in which it is situated.

By an order dated August 30, 1974, the zoning board ordered appellant to discontinue operation of the outdoor market. As a reason for its order, the board stated that "in order to encourage sound and attractive development of business, we should adhere to the zoning of C-1 Commercial District." The board also stated that appellant proved no hardship, since land was available to appellant

upon which he could erect buildings whereby merchants could be brought indoors. Appellant then filed an appeal with this court.

The zoning board contends that appellant is not entitled to continue a non-conforming use because appellant requested and received a zoning classification of C-1 commercial. Neither counsel has produced any authority dealing with this point.

A non-conforming use has been defined as follows:

"A use whether of land or of structure which does not comply with the applicable use provisions in a Zoning Ordinance or Amendment hereto or hereafter enacted where such use was lawfully in existence prior to the enactment of such Ordinance or Amendment or prior to the application of such Ordinance or Amendment to its location by reason of annexation." 53 P.S. §10107 (13.1); Camaron Apartments, Inc. v. Zoning Board of Adjustment of Phila., 14 Pa. Commonwealth Ct. 571, 324 A.2d 805 (1974).

The undisputed evidence in the case before us is that appellant's land has been used as an outdoor market for more than 25 years before the subject zoning ordinance was enacted. The said use has been open and continuous for that length of time and the zoning board does not dispute this fact. By definition, appellant's outdoor market was a non-conforming use regardless of whether the subject land was zoned residential or C-1 Commercial, since neither classification permits appellant's present use of the land. The record before us does not even suggest in the slightest degree that appellant had abandoned or terminated the operation of the outdoor market for any period of time. In addition, no evidence was presented which would

demonstrate that the present use of the land presented any danger to the public safety or welfare of the community. As a result, this court finds that the zoning board abused its discretion and erred in finding against appellant.

Counsel for the parties hereto have presented no authority to this court which would preclude the continuing existence of a non-conforming use where land is rezoned at the landowner's request.

Therefore, we enter the following:

## ORDER

And now, May 23, 1975, after consideration of argument and briefs submitted by respective counsel before this court en banc, and after review of the record made before the zoning hearing board of Bethel Township with respect to the case before us, it is hereby ordered and decreed that:

(1) The appeal of Robert Briggs is sustained;

(2) The decision rendered by the Zoning Hearing Board of Bethel Township dated August 30, 1974, with respect to the above subject matter and land is vacated and dismissed;

(3) Appellant, Robert Briggs, did not violate article VII, section 704(4) of the Bethel Township Zoning Ordinance because appellant has clearly proven a prior non-conforming use with respect to the operation of an outdoor market;

(4) Appellant did not violate article XII, section 1202(6) of the Bethel Township Zoning Ordinance;

(5) An exception is granted to the Zoning Hearing Board of Bethel Township.