Grace Building Co., Inc., Appellant *v.* Zoning Hearing Board of The City of Allentown and Concerned Citizens in the Ninth Ward et al., Appellees.

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*Paul A. McGinley,* for intervenors.

OPINION BY JUDGE BLATT, October 19, 1978:

The Grace Building Co., Inc. (appellant) appeals here from an order of the Court of Common Pleas of Lehigh County which affirmed a decision of the Zoning Hearing Board of the City of Allentown (Board). The Board denied the appellant a permit to continue the nonconforming use of its property as a social club on the basis that this use had been abandoned.

The property concerned is a building which was used as a social club for nearly 50 years, from 1923 to 1972, by the Knights of St. George Home Association Inc. (Knights). It contains a social room, bar facilities, a kitchen and dining area, bowling alleys and a meeting room, and it was purchased by the appellant in 1971, with the Knights still continuing to lease and use it as a social club. On March 6, 1972, however, the building was closed as the result of a robbery and the Knights' lease was terminated on May 17, 1972.[1]

---

[1] In 1971, the property was purchased at a tax foreclosure sale by the appellants and the termination of the Knight's lease was because of rent payment delinquencies.

Sometime after the termination of the lease, the appellant listed the property for sale with local realtors, and an agreement of sale was entered into about a year later, with the Black Improvement Group (B. I. G.). Settlement of the sale was never reached because of financing difficulties, but a lease agreement was finally executed by the appellant with B. I. G. on March 27, 1974. Meanwhile, in December of 1973, the Ebony Social Club (Club), which was apparently an affiliate and subsequent sub-tenant of B. I. G., entered into an agreement of sale for the purchase of the liquor license which was still held by the Knights and began monthly meetings in the building in February of 1974. Sometime in March of 1974, B. I. G. had a notice posted on the building of its intent to resume the social club use upon the premises and an application for the transfer of the license to the Club was made to the Pennsylvania Liquor Control Board (LCB), during the month following. The Club held a social function in the building in May. The appellant's request for a zoning permit authorizing the continuation of a nonconforming use was denied by the Zoning Officer in October of 1974, and this action was affirmed by the Board. The lower court affirmed the Board's ruling and this appeal followed.

Our scope of review, where no additional evidence was presented to the lower court, is to determine whether or not the Board abused its discretion or committed an error of law. *Camaron Apartments Inc. v. Zoning Board of Adjustment,* 14 Pa. Commonwealth Ct. 571, 324 A.2d 805 (1974).

The property here concerned is located in a zone described as R-H Residential in Allentown's zoning ordinance, which permits a social club only as a special exception in such a zone. It is uncontested, however, that, while the property was used as a social club, this

was a valid nonconforming use, for it had lawfully existed prior to the enactment of the zoning ordinance. The ordinance provides in part:

2804(3) A use not conforming to the regulations of the zone in which it is located, prior to April 24, 1948, which becomes unoccupied or unused and remains unoccupied or is not used during any continuous period of twenty-four (24) months, shall not be occupied except by a use which conforms to the district in which it is located.

The Board found here that the "actions of the . . . Knights . . . in closing the building and discontinuing the sale of alcoholic beverages in early March 1972, constituted an abandonment of the premises for use as a social club" and that "the evidence did not indicate any use or occupation of the premises as a social club for a period of at least two years, following March 6, 1972.'"[2] The issue here, therefore, is whether or not the nonconforming use of the appellant's property as a social club was abandoned either when the tenants of the property abandoned such use or thereafter when the property remained unoccupied or unused as a social club for a continuous two-year period.

The right to continue a nonconforming use runs with the land and the fact that a tenant ceases the use is not in itself controlling. *See Eitnier v. Kreitz Corporation*, 404 Pa. 406, 172 A.2d 320 (1961). The social club use therefore could not have been deemed abandoned when the tenant-Knights discontinued the use.

---

[2] The Board's findings of fact indicate that activities of the Knights had substantially diminished before their lease ended. The Board found that the last use of the building's bowling alleys was in 1970, the last Communion breakfast was in the spring of 1971, the last official meeting was in November, 1971 and the last beer and liquor store purchase was made in March of 1972.

The question remains, however, as to whether or not the Board erred in concluding that the social club use was legally abandoned when the premises were not used for social purposes for two years.[3]

We have previously held that where an ordinance places a time limitation on the right to resume a non-conforming use, the intention to surrender the right may be presumed from the expiration of the designated period, but it is still necessary to show the concurrent overt acts or failure to act which indicate abandonment. *Miorelli v. Zoning Hearing Board,* 30 Pa. Commonwealth Ct. 330, 373 A.2d 1158 (1977); *Marchese v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 84, 277 A.2d 176 (1971). Moreover, although the law also encourages compliance with the applicable zoning ordinance, *DiNardo v. City of Pittsburgh,* 15 Pa. Commonwealth Ct. 279, 325 A.2d 654 (1974), it is clear that a property owner has a constitutional right to continue a nonconforming use until the municipality proves its abandonment. *Baird v. Zoning Board of Adjustment,* 20 Pa. Commonwealth Ct. 236, 340 A.2d 904 (1975). The appellant argues here that the evidence presented clearly indicates that there had not been any abandonment and that no intention to abandon use can be implied. In a very similar case, *Munhall Borough Council Appeal,* 175 Pa. Superior Ct. 320, 104 A.2d 343 (1954), our Superior Court held that an intention to abandon a nonconforming use could not be inferred merely from the fact that a property was vacant for over a year while the owners attempted to rent it.[4] And here,

---

[3] We read the words "unoccupied or unused" in this ordinance as the equivalent of the word "abandoned." *See Miorelli v. Zoning Hearing Board,* 30 Pa. Commonwealth Ct. 330, 373 A.2d 1158 (1977).

[4] We also note the case of *Ritza Zoning Appeal,* 60 Luz. L.R. 161 (1970), where the owner's property had been used for more than

property was vacant for less than the two-year period, listed in the ordinance, and the appellant entered into an agreement of sale during that period and eventually negotiated a lease with a tenant who intends to use the premises as a social club. The record also reveals other overt acts on the part of the appellant-owner during the two-year period here in question indicating an intention to maintain the use of the property as a social club, such as the agreement of sale and application for a transfer of the club liquor license, as well as B. I. G.'s posting notice of its intent to resume the social club use of the property. In addition, no physical changes were made in the building and its basic character as a social club therefore remained unaltered. *Upper Darby Township Appeal,* 391 Pa. 347, 138 A.2d 99 (1958); *See Miorelli v. Zoning Hearing Board, supra.*

Our review of the records reveals no evidence of intent on the part of the appellant-owners to abandon the social club use of the building but rather a continuing and ultimately successful attempt on their part to maintain and use the premises for social club purposes during the entire period that the property lacked a tenant as in *Munhall Borough Council Appeal, supra.* The record lacking any evidence indicating overt acts or failure to act by the appellant which would indicate that the social club use was abandoned, we believe that the municipality has failed to meet its

twenty-five years as a nonconforming used-car lot. After the tenant terminated his lease the owner attempted to sell or lease the lot for two years. The Court held the applicable provision of the zoning ordinance prohibiting the resumption of any nonconforming use which had been discontinued for a year was ineffective to bar the use. In *Ryan, Pa. Zoning Law and Practice* §7.3.3, (1977 Supp.) it is noted that the result in *Ritza, supra,* is consistent with *Marchese, supra,* since the discontinuance was beyond the owner's control.

burden of proof. We must therefore reverse the order of the court below.

ORDER

AND NOW, this 19th day of October, 1978, the order of the Court of Common Pleas of Lehigh County is hereby reversed and the case is remanded to the Zoning Hearing Board of Allentown for action consistent with this opinion.

---

DISSENTING OPINION BY JUDGE WILKINSON

I must respectfully dissent. As quoted by the majority, Section 2804(3) of the ordinance provides that the right to continue the non-conforming use is lost if the premises "becomes unoccupied or unused and remains unoccupied or is not used during any continuous period of twenty-four (24) months." I do not see any issue of abandonment. The majority acknowledges that the property remained "unoccupied or unused as a social club for a continuous 2 year period." That concludes the matter. I would affirm the order of the trial court.