John J. McGeehan and Gayle A. McGeehan, his wife, *v.* The Zoning Hearing Board of Springfield Township.

Charles M. Grant and Coralie A. Grant, his wife, *v.* The Zoning Hearing Board of Springfield Township. John J. McGeehan and Gayle A. McGeehan, his wife, Appellants.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Donald J. Rodenbach,* for appellants.

*Rodney D. Henry,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., September 5, 1979:

Challenged on appeal is a decision by the Bucks County Court of Common Pleas directing the Springfield Township Zoning Officer to issue a permit allowing Charles and Coralie Grant to expand their nonconforming junkyard use by establishing a trailer office measuring 10′ by 65′ on the premises.

The Grants have owned approximately 30 acres of land in Coopersburg since 1961 and, since that time, approximately 13 acres of the land have been used for storing used and discarded vehicles, their parts, refrigerators, stoves and the like. The township enacted its first zoning ordinance in February, 1971, and the Grants' property lies in two zoning districts designated RR (Rural Residential) and RP (Resource Protection). Neither zoning classification permits the establishment of a junkyard which is defined in Section 228 of the Springfield Township Zoning Ordinance of 1975 (Zoning Ordinance):

An area of land, with or without buildings, used for the storage outside of a completely enclosed building, of used or discarded materials, including but not limited to waste paper, rags, metal, building materials, house furnishings, machinery, vehicles or parts thereof, with or without the dismantling, processing, salvage, sale or other use or disposition of the same. The deposit or storage of two or more motor vehicles not having valid inspection stickers issued by the Pennsylvania Department of Transportation, or of two or more wrecked or broken vehicles, or the major parts of two or more such vehicles shall be deemed to make the lot a junk yard.

Section 701 of the Zoning Ordinance requires the Zoning Officer to list all nonconforming uses and Grants' property is listed as a nonconforming junkyard use.

Following the Zoning Officer's refusal of the Grants' request for a permit to replace their present office, a motor vehicle trailer measuring 8' by 35', with a 10' by 65' mobile trailer that would serve the same purpose, *i.e.*, an office and receptable for the junkyard records and a storage place for more valuable auto parts, they filed their application with the Zoning Hearing Board (Board). Two public hearings were held on the application before the Board in June, 1977, which directed the issuance of a permit to allow the Grants to set up a trailer office on its premises not to exceed 420 square feet in area. On appeal[1] the court below, without hearing additional evidence, reversed

---

[1] The Grants appealed the Board's area limitation and adjacent property owners who contested the Grants' application at the public hearing appealed the issuance of any permit to expand the office.

the portion of the Board's decision that imposed the 420-square foot limitation.

On appeal to this Court, John and Gayle McGeehan, adjacent property owners, contend that the Grants' junkyard use is not a valid nonconforming use and, alternatively, assuming the validity of the nonconforming junkyard use, that the proposed office trailer is a separate nonconforming use bound by the Zoning Ordinance's limitation on expansion of the area of a nonconforming use.[2]

Where, as here, the court below did not hear additional evidence, we properly focus our review on the Board's decision to determine whether the Board has either abused its discretion or committed an error of law. *Grace Building Co. v. Zoning Hearing Board of Allentown*, 38 Pa. Commonwealth Ct. 193, 392 A.2d 892 (1978). *See also Philadelphia v. Angelone*, 3 Pa. Commonwealth Ct. 119, 280 A.2d 672 (1971).

The Zoning Ordinance permits the continuance of nonconforming uses which it defines in Section 700:

(a) Non-conforming uses means a use, whether of land or of structure, which does not comply with the applicable use provisions in a zoning ordinance or amendment heretofore or hereafter enacted, where such use was lawfully in existence prior to the enactment of such ordinance or amendment or prior to the application of such ordinances or amendment to its location by reason of annexation.

As property owners seeking to expand their nonconforming use, it is the Grants' burden to prove the existence of the prior nonconforming use, *Little v. Zoning Hearing Board of Abington Township*, 24 Pa.

---

[2] Appellants also urge that the Board's failure to condition the grant of the permit upon the junkyard's ordinances regulating junkyards deprived them of equal protection of the laws. This issue was not raised below and therefore we will not consider it here on appeal.

Commonwealth Ct. 490, 357 A.2d 266 (1976), by showing an actual use that was created in good faith and that existed lawfully prior to the enactment of the prohibiting zoning provision. *Hauser v. Borough of Catasauqua Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 313, 341 A.2d 566 (1975); *Camaron Apartments, Inc. v. Zoning Board of Adjustment of Philadelphia,* 14 Pa. Commonwealth Ct. 571, 324 A.2d 805 (1974); *See also Brown v. Zoning Hearing Board of Upper Dublin Township,* 11 Pa. Commonwealth Ct. 582, 314 A.2d 598 (1974); *Commonwealth v. Cieslak,* 179 Pa. Superior Ct. 441, 115 A.2d 418 (1955).

The McGeehans contend that the Grants have failed to show that their junkyard operation was lawful when the township first enacted a zoning ordinance in 1971. To support their position, they cite Ordinance 10 which antedates the first zoning ordinance prohibiting the operation of a junkyard without a license that is obtained annually and that the Grants' failure to adduce evidence of their having been licensed during the years 1971 and 1972 renders their operation of the junkyard illegal at the time of the zoning ordinance's enactment.

The Board found that the Grants were properly licensed from Ordinance 10's enactment until the present, excepting the year beginning October 1, 1972 and ending September 30, 1973.

The McGeehans contend that the Board erred in calculating the lapse in licensing and that, viewing the Grants' evidence in its most favorable light, the junkyard was only licensed in 1971 from August 5, 1971 through October 1, 1971.[3]

---

[3] The Grants introduced into evidence their licenses for the years October 10, 1973 to October 1, 1974; October 1, 1974 to October 1, 1975; October 14, 1975 to October 1, 1976. Grants did not produce either copies of their licenses or copies of their application for licenses for the calendar years 1971 and 1972. Grant did introduce a

However, even accepting Appellants' evidentiary argument, we disagree that this lapse in proper licensing in conformity with Ordinance 10 is dispositive of the use's status so long as the use of the premises as a junkyard does not run afoul of a *zoning* restriction. *Cf. Hauser v. Borough of Catasauqua Zoning Hearing Board, supra,* and *Commonwealth v. Cieslak, supra,* wherein property owners were not permitted to assert nonconforming uses on the basis of uses that were illegal under pertinent zoning regulations. We thus conclude that the Grants' junkyard is a lawful land use that predates the premises' RR and RD zoning classification and, hence, a nonconforming use.

Having characterized the junkyard as a nonconforming use, our next inquiry is into the status of the office trailer. Appellants argue that the office is a nonconforming accessory use under Section 256(b) of the Zoning Ordinance, *i.e.,* "[a] use located on the same lot with a principal use, and clearly incidental or subordinate to, and in conjunction with, the principal use" that is not permitted in districts zoned RR or RP.[4] Thus, they contend, the office is a separate nonconforming use and any expansion is limited by Section 703(b)(3) of the Zoning Ordinance which provides that "[a]ny increase in volume or area of the nonconforming use shall not exceed an aggregate of more than fifty (50) percent of such volume or area

cancelled check for $100.00 dated 8/5/71 made to the order of "[illegible] Springfield Township" which, he testified, was payment for the operating license during 1971. Ordinance 10 provides, however, that the license "shall be effective for one calendar year only, each license terminating on October 1st of the year for which it is issued," and adds weight to Appellants' argument that the junkyard was not shown to have been properly licensed for the entire calendar year.

4 Section 404(H2) of the Zoning Ordinance limits permitted accessory offices in RR and RP districts to the accessory offices of real estate, insurance, physicians, lawyers, clergymen, teachers or other professions of like character.

during the life of the nonconformity." Appellants urge that the limit of the expansion should be 270 square feet in total area, or 150% of the Grants' original 12' by 15' office.[5]

We have in the past rejected "overly technical arguments" regarding the accessary use doctrine which was meant to acknowledge that "certain general types of real estate usage have a natural and reasonable tendency to lead to certain other more specific uses." *Klavon v. Zoning Hearing Board of Marlborough Township*, 20 Pa. Commonwealth Ct. 22, 27, 340 A.2d 631, 634 (1975).

Ordinance 10 which is intended to regulate the operation of junkyards in Springfield Township requires that permanent records of all junk received or removed from the junkyard be kept on the premises. As a result, the maintenance of an office is an integral part of the operation of a junkyard that is more properly viewed as a part of the totality of the junkyard operation than as a use separate from a principal junkyard use. *See Hilltown Township v. Horn*, 13 Pa. Commonwealth Ct. 248, 320 A.2d 153 (1974).

Because, as the court below noted, the entire 13 acres are subject to the nonconforming use, the Board erred in applying the 50% provision of Section 703 to the present office's area. *A fortiori*, Appellants' argument that the 50% limitation should be applied against the *original* office's area must fail.

We do not here imply that the Board could not have imposed some area restrictions on the office's expansion short of 50% of the junkyard's area. However, Pennsylvania law affords reasonable and natural expansion of a nonconforming use due process

---

[5] Grants testified that the junkyard's office at the time of the first zoning ordinance's enactment was a cinderblock construction. approximately 12' by 15' which was replaced by the motor vehicle trailer in 1974 which they now seek to replace.

protection. *Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 255 A.2d 506 (1969); Note, *The Expansion Doctrine in Pennsylvania,* 22 U. Pitt. L. Rev. 747 (1961). Absent evidence that the expansion of the office represents such a change in volume or degree so as to represent a change in the protected nonconforming use itself, *see Township of Kelly v. Zoning Hearing Board of Kelly Township,* 36 Pa. Commonwealth Ct. 509, 388 A.2d 347 (1978), or evidence that the proposed *expansion* is, in and of itself, injurious to the public interest, reasonable expansion of the nonconforming junkyard use, short of the township's 50% limitation on expansion, may not be impeded. *See Seltzer v. Zoning Board of Adjustment of Pittsburgh,* 39 Pa. Commonwealth Ct. 520, 395 A.2d 1041 (1979); *Mattero v. Township of Upper Chichester Zoning Hearing Board,* 38 Pa. Commonwealth Ct. 322, 395 A.2d 584 (1978). There is no evidence in the record that the 420-square foot limitation imposed by the Board was other than an erroneous application of Section 703's limitation on the expansion of an area of a nonconforming use.

Accordingly, we

### ORDER

AND Now, this 5th day of September, 1979, the order of the Court of Common Pleas of Bucks County dated May 23, 1978, sustaining the appeal of George and Coralie Grant is hereby affirmed.