Raymond E. Bowlin and Pamela L. Bowlin, Appellants *v.* Zoning Hearing Board of Marlborough Township, Appellee.

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Emory W. Buck,* with him *William R. Cooper,* and *Stewart J. Greenleaf, Cooper & Greenleaf,* for appellant.

*Kent H. Albright,* with him *Joseph J. McGrory,* of counsel, *McGrory, Wentz, Fernandez & Albright,* for appellee.

OPINION BY JUDGE BLATT, December 12, 1980:

The appellants, Raymond and Patricia Bowlin, appeal an order of the Court of Common Pleas of Montgomery County which affirmed the decision of the Zoning Hearing Board of Marlborough Township (Board). The Board had upheld a cease and desist order issued against the appellants by the zoning officer of the Township.

The appellants, who purchased the land upon which they now reside in December of 1968, completed construction of their home thereon in April of 1970 and Marlborough Township enacted a zoning ordinance on September 16, 1970, which zoned the property solely for residential and agricultural use. Be-

fore the ordinance was enacted, the appellants had owned and parked a dump truck on this land, the truck being used by Mr. Bowlin to haul dirt, topsoil and crushed stone and they presently store four pieces of equipment upon the property, all used in Mr. Bowlin's hauling and excavation business: a dump truck, a backhoe, a track loader and a trailer. In 1977, the zoning officer of the Township issued an order directing the appellants to cease and desist from storing this equipment on their premises, contending that such storage constituted an impermissible commercial/industrial usage of the property. The appellants appealed to the Board[1] which held that they could continue to store the dump truck on the premises as a valid nonconforming use, because Mr. Bowlin had been engaged in the business of hauling dirt and stone prior to the enactment of the zoning ordinance[2] but that the other equipment must be removed because those pieces were related to Mr. Bowlin's excavation work. The Board believed that this latter use was a change in the nature of the use made of the premises and that it impermissibly "converted and expanded" the pre-existing nonconforming use. The lower court upheld the Board's determination that the excavation

---

[1] The appellants' additional request for a variance or a special exception was denied by the Board, but that denial has not been questioned in this appeal.

[2] Section 107(13.1) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10107 (13.1) provides:

'Nonconforming use,' means a use, whether of land, or of structure, which does not comply with the applicable use provisions in a zoning ordinance or amendment heretofore or hereafter enacted, *where such use was lawfully in existence prior to the enactment of such ordinance or amendment, or prior to the application of such ordinance or amendment to its location by reason of annexation.* (Emphasis added.)

business was separate from the hauling enterprise and that storing the earth moving equipment was an additional use rather than an expansion of a nonconforming use.

The appellants contend that uncontradicted evidence established that the excavation and hauling businesses were both undertaken prior to the enactment of the zoning ordinance and that this storage of the additional equipment was a natural and permissible expansion of a nonconforming use and must be allowed to continue.

In a zoning case such as this, where the lower court has taken no additional evidence, our scope of review is limited to a determination as to whether or not the Board abused its discretion or committed an error of law. *DiNardo v. City of Pittsburgh,* 15 Pa. Commonwealth Ct. 279, 325 A.2d 654 (1974). The appellants, as the parties who sought to benefit by the expansion of a nonconforming use, bore the burden, of course, of proving the existence of the prior nonconforming use. *McGeehan v. Zoning Hearing Board of Springfield Township,* 45 Pa. Commonwealth Ct. 403, 407 A.2d 56 (1979). We must conclude that they failed to meet that burden.

The Board conceded that a lawful use existed relative to the parking of the appellants' dump truck on the property but further found that this use did not include storage of earth moving equipment, and, after a careful examination of the record, we cannot say that this determination was unreasonable or a mistake of law. Mr. Bowlin's own testimony was contradictory as to whether or not he conducted excavation work prior to September 1970,[3] and the receipts for

---

[3] At one point Mr. Bowlin testified that he was not doing any excavating work before the appellants moved on to the property in 1970 and at a later time he responded that backhoe and loader work with rented equipment were done on and off from 1969. Further-

work done which the appellants introduced demonstrated only that the appellants were engaged in the hauling business before enactment of the zoning ordinance and established nothing as to when the earliest excavation projects were undertaken.

We must conclude, therefore, that the Board properly exercised its discretion and we will affirm the order of the lower court.

ORDER

AND Now, this 12th day of December, 1980, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.

more, Mr. Bowlin was able to testify to specific sub-contracts for his hauling business which occurred prior to September of 1970, but he did not detail any instances of excavation work which preceded passage of the zoning ordinance.