Municipality of Bethel Park *v.* Zoning Hearing Board of the Municipality of Bethel Park et al. Eugene E. Lay, Appellant.

Argued November 17, 1980, before President Judge CRUMLISH and Judges Rogers and BLATT, sitting as a panel of three.

*John M. Means, Markel, Schafer & Means, P.A.,* for appellant.

*Victor R. Delle Donne, Baskin and Sears,* for appellee.

OPINION BY JUDGE BLATT, February 13, 1981:

The appellant, Eugene E. Lay, seeks review of an order of the Court of Common Pleas of Allegheny County which sustained the appeal of the Municipality of Bethal Park (Bethel Park) from a decision of the Zoning Hearing Board of Bethel Park (Board).

The appellant owns a half-interest in a restaurant-bar known as the Bear's Den which he has operated in Bethel Park since May of 1969. In 1978, he applied for a building permit and approval to construct an open deck area attached to the rear of the restaurant-bar and on May 22, 1978, the zoning officer of Bethel Park denied that application on the grounds that pursuant to Section 61-27B of the Bethel Park Zoning Ordinance, Ordinance No. 61-19-66A, *as amended*,[1] any such addition must be enclosed. On appeal of that denial to the Board a hearing was conducted, evidence was taken and the Board granted a variance to build the deck, finding that:

1) the proposed deck is a natural expansion of [a] non-conforming use; 2) the deck should

---

[1] Section 61-27B provides:

B. All activities as permitted or required in the C-1 District [applicable here] shall be conducted wholly within an enclosed building with the exception of the accessory uses listed above.

alleviate crowd congestion within and in front of the existing structure; 3) the use of the deck will be accessory use customarily incidental to the existing use of the premises; and 4) the use of the deck will pose no additional hardship with respect to the use and enjoyment of the adjacent properties.

Bethel Park then appealed to the Allegheny County Court of Common Pleas which appointed a referee to take evidence; thereafter he submitted proposed findings of fact, conclusions of law and a proposed final order to the Court, and exceptions were filed and argued. The court below ultimately held that the deck was an expansion of a nonconforming use which must be enclosed pursuant to the requirements of the zoning ordinance and reversed the Board's approval of the variance.

The appellant contends that the deck in question is an accessory use exempted from the enclosure requirements of Section 61-27B[2] of the Bethel Park Ordinance. Section 61.8 of the zoning ordinance in question defines accessory use:

A ... use customarily incidental and subordinate to the principal use and located on the same lot with such principal use....

The term "use" is also defined in that section as:

[t]he specific purpose for which land or a building is designed, arranged, intended or for which it may be occupied or maintained. The

---

[2] The appellant first characterizes the restaurant-bar as a permitted use and then alternatively as a nonconforming use, but he maintains that under the ordinance an accessory use can be incidental to either one. In light of our holding that this deck is not an accessory use, we need not decide whether or not an accessory use can be incidental to a nonconforming use under the Bethel Park ordinance.

term "permitted use" or its equivalent shall not
be deemed to include any non-conforming use.

This definition of accessory use requires that the activity involved must itself be a use and then that such use must be customarily incidental and subordinate to the principal use. There is no dispute here that the deck was designed for the specific purpose of serving food and drink and is, therefore, a use under the zoning ordinance. The entire restaurant-bar, however, was designed to serve food and drink and, consequently, the use of the deck must be considered to be identical to that of the restaurant-bar and not as incidental or subordinate to the main use. *See, Klein v. Township of Lower Macungie*, 39 Pa. Commonwealth Ct. 81, 395 A.2d 609 (1978). It is nothing more than a physical extension of the interior of the building and as such constitutes an expansion of a nonconforming use[3] rather than an accessory use related, but inferior, to the principal use.

We will therefore affirm the order of the lower court which reversed the Board's approval of the variance and required the appellant to enclose the deck in accordance with the requirements of the zoning ordinance.[4]

---

[3] Although there is some question as to whether or not the elements necessary to justify an expansion of a nonconforming use have been shown here, that argument has not been pursued by the appellee and is, therefore, not before this Court.

[4] An expansion of a nonconforming use may still be subject to other applicable zoning regulations imposed by a municipality, *Mattero v. Township of Upper Chichester Zoning Hearing Board*, 38 Pa. Commonwealth Ct. 322, 395 A.2d 584 (1978), and there has been no dispute that the enclosure requirement of the Bethel Park ordinance is reasonably related to the public health, safety and welfare.

ORDER

AND, Now, this 13th day of February, 1981, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.