529 A.2d 1228

Mary L. Lincoln and Eleanor J. Mann *v.* Zoning Board of Adjustment of the City of Pittsburgh. The City of Pittsburgh, Appellant.

Argued May 21, 1987, before Judges MacPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Kellen McClendon*, Assistant City Solicitor, with him, *D. R. Pellegrini*, City Solicitor, for appellant.

*William M. Acker*, for appellees.

OPINION BY JUDGE MACPHAIL, August 21, 1987:

This is an appeal by the City of Pittsburgh (City) from an order of the Court of Common Pleas of Allegheny County which reversed a decision of the City of Pittsburgh Zoning Board of Adjustment (Board) denying the application of Mary L. Lincoln and Eleanor J. Mann (Owners) for a special exception to operate a personal care residence on the first floor of their property. We reverse.

Owners have owned the premises in question at least since 1977 and have continuously operated a personal care residence on the first floor thereof since that time.[1] The premises are located in an R-2 district.[2] Two

---

[1] It appears that the Pennsylvania Department of Public Welfare has licensed the operation of a personal care facility for the

apartments are located on both the second and third floors of the premises.

On August 17, 1979, Owners were issued an occupancy permit for the premises for five residential units and four outdoor parking stalls.

In 1982, the Ordinance was amended to provide for personal care residences as a permitted use in R-2 districts as a special exception provided that certain conditions were met. Prior to the effective date of the 1982 amendment, there was no provision in the Ordinance for a personal care residence.

On April 11, 1984, Owners applied for an occupancy permit for the use of their premises as follows:

First floor personal care residence with six clients and one resident manager; second floor, two dwelling units; third floor, two dwelling units and four outdoor parking stalls.

When the application was denied, Owners applied for a special exception from the Board.

In its decision denying the special exception, the Board found that the existing certificate of occupancy for the property was for five dwelling units and four parking stalls, that the premises in question were located within 800 feet of another personal care residence, that the proposed personal care residence would be operated in the same building with dwelling units and that Appellees did not apply for a permit within the pre-

---

subject property, the evidence thereof being a provisional certificate dated February 10, 1984 and expiring August 10, 1984. The Board hearings were held in April and May of 1984.

[2] Permitted uses in R-2 districts are set forth in Section 931.02 of the Zoning Ordinance (Ordinance) chapter of the Pittsburgh Code. They include one and two family dwellings, golf course, public library, public recreation area and specified accessory uses. Use exceptions by way of conditional use or special exceptions are set forth in Section 931.05. Personal care residences were not mentioned therein until 1982.

scribed time limit because the principal owner was hospitalized and ill. The Board concluded that the proposed change of occupancy "must be denied."

The amendatory ordinance permitting small personal care residences in R-2 districts provided in pertinent part that:

[A]ny Personal Care Residences shall be limited to no more than one (1) per building, shall not be located in a building that is occupied by any other residential type of use; and, shall be spaced no closer than eight hundred (800) feet from any other authorized Personal Care Residence. . . .[3]

It is further provided in the amendatory ordinance that any personal care residence that was established prior to the amendment without the benefit of a certificate of occupancy for that use, should be the subject of an application for such a certificate within 60 days of the enactment of the ordinance[4] and that the failure to file an application within 60 days "extinguishes all rights to said use . . . with reuse of the building limited to only the type of occupancy allowed in the respective zoning district."

The trial court, without receiving additional evidence, held that the owners had used the dwelling as a small personal care residence prior to the existence of the amendatory ordinance, that such use was lawful and was not forfeited by the late filing for an occupancy permit. The Court directed the Board to issue an occupancy permit for the operation of a small personal care residence on the first floor of the premises "as a protected nonconforming use."

---

[3] Section 909.06(24)c of the Code, *as amended*.

[4] The effective date of the ordinance is July 1, 1982.

Where, as here, the trial court did not take additional evidence, our scope of review is to determine whether the Board has either abused its discretion or committed an error of law. *Grace Building Co. v. Zoning Hearing Board of Allentown,* 38 Pa. Commonwealth Ct. 193, 392 A.2d 892 (1978). We hold that the Board neither abused its discretion nor committed an error of law.

Section 909.06 of the Ordinance provides that no special exceptions shall be approved if the Board finds that the proposed use will not "in all other respects conform to the applicable regulations of the district in which it (the proposed use) is located." In the case now before us, the Board denied the special exception because the facility would be located in a premises with two other residential uses and because it was located within 800 feet of another licensed facility. The Board clearly was acting within the scope of its authority under Section 909.06 when it held that the proposed use did not conform with the applicable regulations for a personal care residence in an R-2 District.

In its opinion supporting the order reversing the Board, the trial court noted that the City permitted the owners to use the property as a five unit multi-family dwelling and that the City did not regulate small personal care residences until 1982. The Court then proceeded to determine whether the owners were entitled to a special exception on the ground that their prior actual use was a valid nonconforming use. In order to obtain recognition of an existing use as a valid nonconforming use which predates a zoning ordinance, it is necessary for the property owner to prove the existence of an actual use which existed lawfully prior to the enactment of the prohibitory ordinance. *McGeehan v. Zoning Hearing Board of Springfield Township,* 45 Pa. Commonwealth Ct. 403, 407 A.2d 56 (1979).

Here, there is no question that the owners actually used their property as a personal care residence prior to

1982. The critical question is whether that was a *lawful* use. This Court has held that an existing *illegal* use cannot form the basis of a valid nonconforming use. *Hauser v. Catasauqua Borough Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 313, 341 A.2d 566 (1975). The trial court here held that inasmuch as the Code prior to 1982 did not control small personal care residences, the owners by obtaining the use occupancy permit for a five unit multi-family dwelling complied with the local zoning regulations "as they understood them." We do not believe that this is sufficient to satisfy the requirement that the nonconforming use to be valid must be lawful.

Section 981.01 of the Ordinance provides in pertinent part that "no structure . . . shall . . . be used or designed to be used for any use other than is permitted in the district in which such structure . . . is located. . . ." As we have previously noted, small personal care residences were not a permitted use in R-2 districts until 1982. We must conclude, therefore, that the owners' use was unlawful and that as such, it does not entitle the owners to a special exception.

## ORDER

The order of the Court of Common Pleas of Allegheny County dated June 11, 1986 is reversed.

---

DISSENTING OPINION BY JUDGE COLINS:

I respectfully dissent from the majority opinion in the above-captioned matter.

It is uncontroverted in the instant matter that the pre-amendment ordinance made no provision for small personal care facilities such as the one here concerned. The City offers no authority to support its proposition that the appellees' prior use was somehow rendered illegal by virtue of their having obtained an occupancy permit for their five unit building. By obtaining a certif-

icate of occupancy for five units, the appellees did as much as could be done to conform with the ordinance. They could not, in any event, have been expected to acquire a certificate for a use not then provided for by the ordinance.

The trial court correctly decided the controversy and should be affirmed.