543 A.2d 239.

Thomas C. Franchi *v.* Zoning Hearing Board of The Borough of New Brighton and William J. Fiden and Susan L. Fiden. William J. Fiden and Susan L. Fiden, Appellants.

Submitted on briefs May 23, 1988, to Judges CRAIG and McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*J. Philip Colavincenzo,* for appellants.

*John A. Clay,* for appellee.

OPINION BY SENIOR JUDGE NARICK, June 23, 1988:

This is an appeal by William J. Fiden and Susan L. Fiden (Appellants) from a decision of the Court of Common Pleas of Beaver County which sustained the appeal of Thomas C. Franchi (Franchi) from a decision of the Zoning Hearing Board of the Borough of New Brighton (Board). We reverse.

Appellants are the owners of property which adjoins certain property owned by Franchi at 1715 Third Avenue, New Brighton. On January 17, 1986, Appellants filed an application for interpretation of Article III, Section 301(9) of the New Brighton Zoning Ordinance No. 935 (Ordinance) with the Board seeking a determination as to whether Franchi's use of his property at 1715 Third Avenue was in compliance with the Ordinance. The application alleged that Franchi was in violation of the Ordinance because the subject property was situated in an R-1 residential district which permits a residence together with an accessory use such as a professional office; but that Franchi did not reside at 1715 Third Avenue.

The record reveals that 1715 Third Avenue is a duplex-type building located in an R-1 residential district. Franchi utilizes portions of the first and second floor of the left side of the building for his business. On the first floor, Franchi maintains his office, a larger room for a secretarial pool, a third room where a copy machine and filing cabinets are located, and a half bath for the convenience of clients. A computer-storage room utilized for business purposes is located on the second floor. Also on the second floor, Franchi maintains a one room efficiency apartment. This efficiency apartment

contains a sofa bed, a small refrigerator, a dresser, a toaster oven, a television set, and several closets. There is also a full bath and another storage room where Franchi keeps a large table and stereo and various boxes packed with personal items. Other than the small refrigerator and toaster oven, there are no kitchen facilities. The right side of the building is leased to a tenant as living quarters.

Franchi's testimony disclosed that when he first purchased the subject property he resided with his ex-wife and had no intention of living at the Third Avenue property. However, in October 1984, he separated from his ex-wife and thereafter moved to the Third Avenue residence. According to Franchi, he spends approximately fifteen nights per month at his Third Avenue apartment and on the other nights he is either out of town on business or he sleeps elsewhere.

The Board, noting that an accessory use is one that is customarily incidental and subordinate to a principal use, concluded that Franchi's principal usage of 1715 Third Avenue was an accounting office; and therefore, Franchi was in violation of the Ordinance. The trial court, after a de novo hearing, overruled the Board's decision opining that regardless of the fact that Franchi's residence required substantially less space than his office, he did reside at 1715 Third Avenue and his use of the subject property as an office was customarily incidental to his use of the property as a residence. This appeal followed.

The pivotal issue presented for our resolution on appeal is whether the trial court erred in concluding that Franchi's accounting business was an accessory use under the Ordinance. Appellants maintain that the trial court erred in its decision because it only considered whether Franchi's use of the subject property as an office was customarily incidental to his use of the proper-

ty as a residence and failed to consider whether Franchi's use of the propety as an office was secondary or subordinate to his use of the property as a residence. In zoning appeal cases, where the trial court conducts a de novo hearing, our scope of review requires us to determine whether the trial court committed an error of law or an abuse of discretion. *See Nassif v. Board of Adjustment of the City of Pittsburgh*, 498 Pa. 530, 448 A.2d 535 (1982).

The Ordinance defines "Accessory Use" as "[a] use *customarily incidental and subordinate to the principal use* or building and located on the same lot with such principal use or building". (Emphasis added.) A "Home Occupation" is defined in the Ordinance as:

> Any use customarily conducted entirely within a dwelling or in a building accessory thereto and carried on by the inhabitants residing therein *providing that the use is clearly incidental and secondary to the use of the dwelling for dwelling purposes,* the exterior appearance of the structure or premises is constructed and maintained as a residential dwelling and no goods are publicly displayed on the premises other than signs as provided herein, and further provided that no more than one employee other than the residents of the main building is permitted. (Emphasis added.)

Article III, Section 301 of the Ordinance relevantly provides:

> A building may be erected, altered or used; and a lot or premises may be used for any of the following purposes and for no other:
>
> . . . .
>
> (2) Multiple-family dwelling; apartment house, conversion apartments.
>
> . . . .

(9) Accessory use on the same lot with and customarily incidental to any of the above permitted uses. *The term accessory use shall not include a business but shall include a professional office* or studio and other rooms *for home occupation if located in a dwelling in which the practitioner resides or in a building accessory thereto,* . . . (Emphasis added.)

In order to establish a right to an accessory use, a landowner must prove (1) that the use sought is secondary to the principal use and (2) that it is customarily incidental to the principal use. *Gross v. Zoning Board of Adjustment,* 424 Pa. 603, 227 A.2d 824 (1967); *Green v. Zoning Board of Adjustment of the City of Pittsburgh,* 88 Pa. Commonwealth Ct. 469, 490 A.2d 488 (1985); *Food Bag, Inc. v. Mahoning Township Zoning Board of Adjustment,* 51 Pa. Commonwealth Ct. 304, 414 A.2d 421 (1980); *Sojtori v. Zoning Hearing Board,* 6 Pa. Commonwealth Ct. 552, 296 A.2d 532 (1972). The above-mentioned requirements are clearly set forth in the Ordinance herein which defines accessory use as a use which is "customarily incidental and subordinate to the principal use . . . " . The Ordinance also recognizes in Article III, Section 301(9) that a professional office may be a home occupation and accessory use if it is located within a dwelling in which the practitioner resides or in a building accessory thereto; and ordinances permitting professional offices as home occupations and accessory uses have been upheld by this Court. *See Green; Rendin v. Zoning Hearing Board of the Borough of Media,* 88 Pa. Commonwealth Ct. 37, 488 A.2d 391 (1985). Therefore, Franchi's accounting business must be both customarily incidental and secondary to the principal use.

Appellants assert that Franchi's present use of 1715 Third Avenue is not a proper accessory use under the

Ordinance because the principal use is not that of a residence but that of an accounting office. We agree. An accessory use is inferior, secondary or subordinate to a principal use. *See Green; Municipality of Bethel Park v. Zoning Hearing Board of the Municipality of Bethel Park,* 56 Pa. Commonwealth Ct. 609, 426 A.2d 179 (1981). Franchi's accounting office is clearly the predominant use of the subject property. Franchi admitted that when he first purchased the property it was utilized solely as his office and he had no intention of residing at Third Avenue. However, upon his separation from his ex-wife in October 1984, Franchi indicated that he set up an efficiency-type living arrangement on the second floor of his building. These relatively small living quarters consist of a one room efficiency which contains minimal necessities or conveniences. Clearly, the efficiency apartment was accessorial to the use of the building as an accounting office. A use which is a principal use (*i.e.* the accounting business) cannot be justified under the accessory use provisions of a zoning ordinance. *Fun Bun, Inc. v. Zoning Board of Adjustment,* 5 Pa. Commonwealth Ct. 439, 291 A.2d 344 (1972). *Also see Sojtori.*[1]

Accordingly, for the reasons set forth herein, the order of the Court of Common Pleas of Beaver County is hereby reversed.

### ORDER

AND NOW, this 23rd day of June, 1988, the order of the Court of Common Pleas of Beaver County is hereby reversed.

---

[1] Appellants also assert on appeal that the trial court erred in concluding that Franchi's efficiency-type habitation constituted a dwelling or residence. However, based upon our conclusion herein, we need not reach this issue.